1  ROBERT A. DOLINKO (State Bar No. 076256)
   radolinko@thelen.com
2  CHRIS BAKER (State Bar No. 181557)
   cbaker@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street; Suite 1800
4  San Francisco, CA 94105
   Telephone: (415) 371-1200
5  Facsimile:  (415) 371-1211

6  Attorneys for Defendant
   THE HERTZ CORPORATION
7

8            UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10                  C 07 5222 1   EMC

11  MELINDA FRIEND and JOHN          Case No.:
12  NHIEU, on behalf of themselves, and
    on behalf of all others similarly    **NOTICE OF REMOVAL OF CIVIL
13  situated,                            ACTION UNDER 28 U.S.C. § 1332(d)
                                         AND 28 U.S.C. § 1441(a)**
14
                        Plaintiffs,
15
16      vs.
17
    THE HERTZ CORPORATION, and
18  DOES 1 through 50, inclusive,
19
             Defendants.
20

21      TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO

22  PLAINTIFFS  MELINDA FRIEND, JOHN NHIEU AND THEIR ATTORNEYS

23  OF RECORD:

24      PLEASE TAKE NOTICE that Defendant The Hertz Corporation

25  ("Defendant" or "Hertz") files this Notice of Removal.  The above-entitled case is a

26  civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §

27  1332(d) and is one that may be properly removed to this Court pursuant to 28 U.S.C.

28

§ 1441.  In compliance with 28 U.S.C. § 1446(a), Hertz asserts the following grounds for removal:

1.   On or about September 6, 2007, Plaintiffs Melinda Friend and John Nhieu ("Plaintiffs") commenced the aforementioned action against Hertz by filing a Complaint in the Superior Court of the State of California, County of Alameda, entitled *Melinda Friend and John Nhieu, et al. v. The Hertz Corporation, et al.,* Case No. RG 07 344896 (hereinafter the "State Court Action").

2.   True and correct copies of Plaintiff's Class Action Complaint, along with the papers which accompanied the Complaint, are attached as Exhibit A hereto.

3.   Hertz initially received the Complaint by personal service on its agent on September 13, 2007.

4.   On October 11, 2007, Hertz filed in the State Court its Answer to the Complaint, as required by the Cal. Code of Civil Procedure.  A true and correct copy of the Answer is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.

5.   Defendant has not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A and B.

6.   This Notice is timely filed in that it is filed within thirty days of service of the Complaint on Hertz, the only defendant named in the lawsuit.  *See* 28 U.S.C. § 1446(b)

7.   This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), *et seq*.  The CAFA provides that the district courts "shall have original jurisdiction" over "a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  The Class Action Complaint states that the nature of the action is "a class action" brought by Plaintiffs Friend and Nhieu.  Compl. *passim*.  Each Plaintiff is a citizen of the State of California.

8.     Hertz is a Delaware corporation with its corporate headquarters and principal place of business in the State of New Jersey.  Hertz was not and is not a citizen of the State of California (as discussed more fully below).  Thus, Plaintiff is a "citizen of a State different from" Hertz under the CAFA.  28 U.S.C. § 1332(d)(2)(A).  See Declaration of Krista Memmelaar filed herewith.

9.     The CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction.  28 U.S.C. § 1332(d)(5)(B).  In part, Plaintiff seeks to represent a class of all Station Managers and Senior Station Managers (now called Location Managers 1 and 2) in California who purportedly are misclassified as exempt employees over a period of four years prior to the filing of the action (See Compl., ¶ 4) and a sub-class of those of the aforementioned class whose employment was terminated from Hertz (See Compl., Fourth Cause of Action).

10.     More than 300 individuals (inclusive of current and former employees) have worked for Hertz as Station Managers and Senior Station Managers in California between September 6, 2003 and September 6, 2007, the date the Complaint was filed.  Memmelaar Decl. at ¶ 15.  Thus, there are far more than the minimum 100 putative class members required by the CAFA for federal jurisdiction.  28 U.S.C. § 1332(d)(5)(B).

11.     The CAFA further requires that, for the district court to exercise jurisdiction, the matter in controversy must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  When determining the amount in controversy, "the claims of the class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

12.     Plaintiffs, on behalf of the putative classes, allege they and the class are entitled to recover (among other things): (1) unpaid wages; (2) restitution; (3) punitive damages; (4) penalties pursuant to California Labor Code Sections 203, etc.; (5) attorneys' fees; and (6) injunctive relief.  Compl., Prayer for Relief.  The

1  value of each of these items is to be included  in the amount in controversy in the

2  State Court Action under the CAFA. *Brill v. Countrywide Home Loans, Inc.*, 427

3  F.3d 446, 449 (7th Cir. 2005) (punitive damages); *Yeroushalmi v. Blockbuster, Inc.*,

4  2005 WL 2083008, at *4-5 (C.D. Cal. July 11, 2005) (compensatory damages,

5  punitive damages, attorneys' fees, and injunctive relief); *Berry v. American Express*

6  *Publ'g Corp.*, 381 F. Supp. 2d 1118, 1123-1124 (C.D.Cal. 2005) (injunctive relief);

7  *Rippee v. Boston Market Corp.*, 2005 U.S. Dist. LEXIS 39478, at *8 (S.D.Cal. Oct.

8  14, 2005) (Labor Code penalties).

9       13.   Hertz denies that Plaintiffs and the classes they purport to represent are

10  entitled to any recovery in this action, and by filing this Notice of Removal, Hertz

11  does not waive any defenses that may otherwise be available to it.  Without waiving

12  this position, and in light of the allegations of Plaintiffs' Complaint, Hertz' base

13  potential liability is as follows with respect to Plaintiff's causes of action:

14       a.   For missed meal and rest breaks with respect to the class of

15  Station Managers and Senior Station Managers, and assuming one missed meal

16  break and one missed rest break per week, the potential liability to Hertz is

17  approximately $1,106,152. See Memmelaar Decl. ¶ 19.

18       b.   For "waiting time penalties" under Labor Code § 203 with

19  respect to the California Station Managers and Senior Station Managers terminated

20  during the year prior to the filing of the Complaint, the potential liability to Hertz is

21  approximately $313,834. See Memmelaar Decl. ¶ 20.

22       c.   For the alleged failure to pay overtime to the putative class

23  members, the potential liability is approximately $3,811,229. See Memmelaar Decl.

24  ¶ 18. These amounts total $5,141,215. These amounts do not include attorneys fees

25  sought by Plaintiff; the value of injunctive relief; and punitive damages - all of

26  which are required to be included in determining the amount in controversy under

27  the CAFA, and all of which potentially and collectively total in the hundreds of

28

1    thousands of dollars.  The amount in dispute certainly exceeds the $5,000,000.00

2    threshold required under the CAFA.

3        14.    Hertz does business and operates rental facilities in 44 of the 50 states.

4    See Memmelaar Decl. at ¶ 3.

5        15.    The great majority of the employees (roughly 80 percent) that work for

6    Hertz are employed outside the State of California.  As of June 30, 2007, Hertz

7    employed approximately 11,230 in the United States.   Only approximately 2,299

8    (or 20.5% of this national total) of this total were employed within the State of

9    California.  The next largest states in terms of Hertz employees were: Florida 1,602

10   (14.3%);  Texas 858 (7.6%); Illinois 543 (4.8%); and New York 614 (5.5%).  See

11   Memmelaar Decl. at ¶ 7.

12       16.    The great majority (more than 80 percent) of Hertz locations or

13   facilities (i.e., tangible property) are located outside the State of California.  As of

14   June 30, 2007, Hertz had approximately 1.606 on-airport and off-airport profit-

15   center rental locations in the U.S.  Of those 1.606 locations, approximately 273 were

16   within the State of California.  Thus, if "tangible property" is considered to be

17   leased real estate, only about 17.0 percent of Hertz' tangible property is located

18   within California.    The next largest states in terms of  Hertz profit-center rental

19   locations as of June 30, 2007, the end of the most recent quarter for which Hertz has

20   such information, were: Florida 155 (9.7%); Texas 123 (7.7%); Illinois 83 (5.2%);

21   and New York 83 (5.2%).   See Memmelaar Decl., ¶ 6.

22       17.    The great majority of the revenue earned by Hertz is earned outside the

23   State of California.  In 2006, the last full year for which such data is available, only

24   about 18.6 percent of the total annual revenue earned by Hertz operations was

25   earned in the State of California.  The State of Florida was next and it was

26   responsible for approximately 11.6 percent of Hertz' total 2006 revenue.  See

27   Memmelaar Decl., ¶ 8.

28

18. The sales of Hertz are in the form of vehicle rentals. The great majority of rentals take place outside of the State of California. In 2006, the last full year for which such data is available, more than 80 percent of Hertz' rental activity occurred outside the State of California. California was first with approximately 18.2 percent of the activity, and Florida was second with approximately 10.7 percent of the activity. See Memmelaar Decl., ¶ 9.

19. There is no single state where a majority of Hertz' business activities take place. Those business activities are instead spread among a wide variety of states. See Memmelaar Decl., ¶ 10. The corporate headquarters for The Hertz Corporation, where much of the overall corporate strategy is developed, is in the State of New Jersey. See Memmelaar Decl. at ¶ 1, 11. A substantial predominance of Hertz' activities do not take place in California. Hence, under the applicable "nerve center" test for determining a corporation's principal place of business, Hertz' principal place of business is the State of New Jersey – and not the State of California. The great majority of Hertz' activities take place outside the State of California.

20. Defendant Hertz asks that the Court take judicial notice of the U.S. Bureau of the Census population figures for 2005 (est.) for the entire country and these same states. The 2005 population figures are as follows: United States 296,410,404; California 36,132,147 (12.2%); Florida 17,789,864 (6.0%); Texas 22,859,968 (7.7%); Illinois 12,763,371 (4.3%); and New York 19,254,630 (6.5%).

21. Based upon all the foregoing, The Hertz Corporation is not a citizen of the State of California, it is not a "citizen of the State in which the action was originally filed" and therefore the exceptions to removal under the CAFA set forth in 29 U.S.C. §§1332(d)(4)(B) and 1332(d)(3) are inapplicable.

For all of the foregoing reasons, Hertz respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(d) and 1441(b).

SF #1349712 v1

1    WHEREFORE, Defendant The Hertz Corporation prays that this action stand

2   and remain removed from the Superior Court of the State of California for the

3   County of Alameda to this Court.

4

5   Dated: October 11, 2007          THELEN REID BROWN RAYSMAN &
                                      STEINER LLP
6

7                                    By: _Robert A. Dolinko_____
                                         Robert A. Dolinko
8                                        Attorneys for Defendant
                                         THE HERTZ CORPORATION
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

*5902962*

ORIGINAL

Joshua G. Konecky (SBN 182897)
Clint J. Brayton (SBN 192214)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Attorneys for Plaintiffs and the proposed class

F I L E D
ALAMEDA COUNTY

SEP 0 6 2007

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

|  |  |
|---|---|
| MELINDA FRIEND and JOHN NHIEU, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HERTZ CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. RG 07344896<br><br>**COMPLAINT FOR VIOLATIONS OF THE LABOR CODE, INDUSTRIAL WELFARE COMMISSION WAGE ORDERS, AND BUSINESS AND PROFESSIONS CODE §§17200, *et seq.***<br><br>**DEMAND FOR A JURY TRIAL**<br><br>**CLASS ACTION**<br><br>**COMPLEX CASE** |

Plaintiffs Melinda Friend and John Nhieu ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.     This is a class action against Hertz Corporation ("Hertz") to challenge its policy and practice of failing to pay its "Location Manager" (formerly called "Station Manager") and "Branch Manager" employees their overtime wages, failing to provide its Location and Branch Managers with the meal and rest periods to which they are entitled by law, and unlawfully taking from its

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

1

1 Location and Branch Managers vacation pay which they have earned without proper

2 compensation.

3     2.     Hertz maintains over 300 rental-car locations in California, and all of them employ

4 at least one Location Manager. Despite the fact that Location and Branch Managers spend the vast

5 majority of their time performing non-exempt tasks, Hertz refuses to pay them overtime

6 compensation for their overtime hours worked. These include: taking reservations from customers,

7 taking calls from customers with questions or complaints, moving cars on the lot, washing cars,

8 cleaning out cars, delivering keys to customers, jump-starting cars, cutting keys, putting gas in

9 cars, cleaning child seats, dispatching cars, assigning cars to customers, entering data into vehicle

10 inventory systems, parking cars, cleaning out the office refrigerator, cleaning the office, taking

11 contracts to vehicles or customers, moving boxes, assisting customers with the lost and found,

12 entering data regarding customers who do not pick up reserved vehicles, directing customers to

13 their vehicles, installing child seats, and checking customers at the gate before they leave the lot

14 with cars.

15     3.     In addition, Hertz's Location and Branch Managers are denied off-duty meal and rest

16 periods. Despite the fact that Location and Branch Managers have consistently been denied their

17 lawfully entitled meal and rest periods, Hertz has not offered to pay its Location and Branch

18 Managers an hour of pay for any missed meal or rest period.

19     4.     Hertz also maintains an unlawful "use it or lose it" policy with regards to accrued

20 vacation wages for its Location and Branch Managers. Hertz provides Location and Branch

21 Managers with set amounts of vacation time that they may accrue during a year, but any vacation

22 time that a Location or Branch Manager does not use by December 31 of one year is completely

23 eliminated, and as of January 1 of the following year, the Location or Branch Manager has lost all

24 unused vacation time which he or she may have accrued during the previous year. Hertz's failure

25 to pay rightfully earned vacation wages to its employees violates California law.

26     5.     As a result of these violations, Hertz is also liable for various other penalties under

27 the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and

28 Professions Code §§17200, et seq.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
Friend, et al. v. Hertz Corp., et al.
2

6.    Plaintiffs seek full compensation on behalf of themselves and all others similarly situated for all unpaid overtime, denied meal and rest periods, and unpaid vacation wages, as well as waiting time penalties. Plaintiffs further seek penalties on behalf of themselves and the proposed Class for Hertz's violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under Labor Code §§218.5, 226(e), and 1194, and Code of Civil Procedure §1021.5.

## PARTIES

7.    Plaintiff Melinda Friend was employed by Hertz as a Location Manager from approximately January 2005 until August 30, 2007. Plaintiff Friend is and at all relevant times has been a resident of Gilroy in Santa Clara County, California. Plaintiff Friend is an employee at Hertz's location at the San Jose, California airport. At all relevant times, she has been an "employee" as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours and working conditions.

8.    Plaintiff John Nhieu was employed by Hertz as a Location Manager from approximately January 2005 until August 2, 2007. Plaintiff Nhieu is and at all relevant times has been a resident of Milpitas in Santa Clara County, California. Plaintiff Nhieu is an employee at Hertz's location at the San Jose, California airport. At all relevant times, he has been an "employee" as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours and working conditions.

9.    Defendant Hertz is, and at all times has been, the largest rental-car company in the country. It has locations in airports, cities and towns across the country, and has more than 300 locations in California.

10.    At all relevant times, Hertz has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class Members in this judicial district. Hertz is a "person" as defined in California Labor Code §18 and California Business and Professions Code §17201. Hertz is also an "employer" as that term is

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
Friend, et al. v. Hertz Corp., et al.

3

1    used in the California Labor Code and the IWC's Orders regulating wages, hours and working

2    conditions.

3        11.   Plaintiffs do not know the true names and capacities of Defendants sued herein as

4    DOES 1-50, and therefore sue these Defendants by fictitious names. Plaintiffs will amend their

5    complaint to state the true names and capacities when ascertained. Plaintiffs are informed and

6    believe and thereon allege that each of the fictitiously named Defendants is responsible in some

7    manner for the occurrences and damages alleged herein, and that Plaintiffs' damages as hereinafter

8    set forth were proximately caused by said Defendants.

9        12.     Plaintiffs are informed and believe and thereon allege that each of the Defendants

10    acted in concert with each and every other Defendant, intended to and did participate in the events,

11    acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and

12    injury thereby to Plaintiffs as alleged herein.

13        13.     At all times herein mentioned, each Defendant was the agent or employee of each of

14    the other Defendants and was acting within the course and scope of such agency or employment.

15        14.     Throughout this Complaint, any reference to "Hertz" is intended to refer to all

16    Defendants jointly.

17                          **JURISDICTION**

18        15.     This Court has jurisdiction over Plaintiffs' and the Class Members' claims for

19    unpaid wages and denied meal and rest periods pursuant to the California Labor Code, including

20    Labor Code §§218 and 1194, and the wage orders of the IWC.

21        16.     This Court has jurisdiction over Plaintiffs' and the Class Members' claims for

22    injunctive relief, including restitution of earned wages and benefits, which are the money and

23    property of Plaintiffs and the Class Members, arising from Hertz's unfair competition under

24    Business & Professions Code §§17203 and 17204. This Court also has jurisdiction over Plaintiffs'

25    and the Class Members' claims for penalties in violation of the Labor Code pursuant to Business

26    and Professions Code §17202, as well as pursuant to the applicable Labor Code provisions.

27

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

4

## VENUE

17.    Venue as to Hertz is proper in this County pursuant to Code of Civil Procedure §395(a). Hertz conducts business, employs Class Members, and has airport and other locations in this County, and the events complained of occurred in this County.

## FACTUAL ALLEGATIONS

18.    The policies and practices of Hertz, including failure to pay overtime wages, denial of meal and rest periods, failure to pay vacation wages, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar, if not identical, throughout the different Hertz locations in California.

19.    Hertz fails to pay its Location and Branch Managers overtime compensation for overtime hours worked, in violation of Labor Code §510 and the applicable IWC wage orders. Hertz willfully classifies its non-exempt Location and Branch Managers as exempt from the overtime provisions of Labor Code §510 and the IWC wage orders. Hertz's Location and Branch Managers are not exempt from California's overtime laws. They have no discretion in making company policy, and they do not exercise the requisite discretion and independent judgment in the discharge of their duties.

20.    Hertz's Location and Branch Managers are regularly denied off-duty meal and rest periods. They are frequently forced to eat while working, often have to skip their meal periods altogether, and rarely have a chance to take a rest break. This is in violation of Labor Code §§226.7, 512 and the IWC wage orders.

21.    Hertz employs an unlawful "use-it-or-lose-it" policy regarding the vacation wages of its Location and Branch Managers. Hertz maintains a policy whereby any accrued vacation hours which are not used by December 31 are completely eliminated on January 1 of the next year. This policy violates Labor Code §227.3, which requires that employees be permitted to accrue vacation wages for a reasonable time.

22.    Hertz has also failed to pay wages due and owing promptly upon the end of employment of those Location and Branch Managers who have left their employment within the statutory period, in violation of Labor Code §§201-203, as a result of Hertz's failure to pay

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

5

1  overtime and vacation wages, and its failure to properly compensate its Location and Branch

2  Managers for the meal and rest periods they are denied.

3       23.     Hertz's unlawful conduct has been widespread, repeated, and willful throughout its

4  California locations. Hertz knew or should have known that its policies and practices have been

5  unlawful and unfair.

6  **CLASS ALLEGATIONS**

7       24.     Plaintiffs bring this action on behalf of themselves and all others similarly situated

8  pursuant to California Code of Civil Procedure §382. The Class that Plaintiffs seek to represent is

9  defined as follows:

10  > All individuals who are currently employed, or formerly have been employed, as Location
11  > Manager, Station Manager, or Branch Manager employees at Hertz Corporation locations in
   > California, at any time within four years prior to the filing of this complaint until resolution
   > of this action.

12

13       25.     This action has been brought and may properly be maintained as a class action under

14  Code of Civil Procedure §382 because there is a well-defined community of interest in the

   litigation and the proposed class is easily ascertainable:

15       a.     Numerosity: The potential members of the Class as defined are so numerous

16  that joinder of all the members of the Class is impracticable.

17

18       b.     Commonality: There are questions of law and fact common to Plaintiffs and

   the Class that predominate over any questions affecting only individual members of the

19  Class. These common questions of law and fact include, without limitation:

20       i.     Whether Hertz's policy of classifying its Location and Branch

21  Managers as exempt from overtime compensation violates the California Labor

22  Code;

23

24       ii.     Whether Hertz's policy of classifying its Location and Branch

25  Managers as exempt from overtime compensation has been an unlawful, unfair or

   fraudulent business act or practice in violation of Business and Professions Code

26  §17200 *et seq.*;

27

28

c.    Typicality: Plaintiffs' claims are typical of the claims of the Class. Hertz's common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the class.

d.    Adequacy of Representation: Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions, including large minimum wage and overtime class actions. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

e.    Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION
**Failure to Pay Overtime Wages in Violation of Labor Code §§510 and 1194 and IWC Wage Orders**
(Against All Defendants)

26.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

27.    California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Friend, et al. v. Hertz Corp., et al.*

8

than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

28.     The IWC Wage Order 7-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

29.     California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

30.     California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

31.     Hertz's across-the-board policy of classifying Plaintiffs and other Location and Branch Managers as exempt from the overtime pay entitlements has been unlawful. At no relevant time have Plaintiffs and the Class Members been primarily engaged in exempt duties. Neither Paragraph 1 of Wage Order 7-2001 nor any other provision of law has exempted Plaintiffs and other Class Members from the right to overtime pay. Hertz's Location and Branch Managers do not regularly exercise discretion and independent judgment in carrying out their job duties, and have no discretion in making company policy.

SCHNEIDER
& WALLACE

32.     Plaintiffs and Class Members have worked overtime hours for Hertz without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

33.     Hertz has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work.  As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

34.     Defendants are liable to Plaintiffs and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

35.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
#### Failure to Provide Meal and Rest Periods
#### in Violation of California Labor Code §§226.7 and 512; IWC Wage Orders
#### (Against All Defendants)

36.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

37.     California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Hertz to provide meal and rest periods to its Location and Branch Managers.  Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

38.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide a

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
10

1  required meal period must, as compensation, pay the employee one hour of pay at the employee's

2  regular rate of compensation for each workday that the meal period was not provided.   Similarly,

3  an employer must pay an employee denied a required rest period one hour of pay at the employee's

4  regular rate of compensation for each workday that the rest period was not provided.

5     39.    Despite these requirements, Hertz has knowingly and willfully refused to perform its

6  obligations to provide Plaintiffs and the Class with the meal and rest periods to which they are

7  entitled.  Hertz's conduct described herein violates California Labor Code §§226.7 and 512, and

8  the applicable wage orders.  Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the Class

9  are entitled to compensation for the failure to provide meal and rest periods, plus interest,

10  attorneys' fees, expenses and costs of suit.

11     40.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

12                    **THIRD CAUSE OF ACTION**
        **Failure to Pay Vacation Wages in Violation of Labor Code §227.3**
13                    **(Against All Defendants)**

14     41.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

15  herein.

16     42.    In violation of Labor Code §227.3 and the applicable IWC Wage Orders, Hertz

17  maintains a policy that does not allow Plaintiffs and the Class Members to carry over any accrued

18  vacation hours into a new calendar year, no matter how many vacation hours an employee may

19  have accrued at that point.  This "use-it-or-lose-it" policy violates California law with respect to

20  vested vacation wages.

21     43.    Hertz has knowingly and willfully refused to perform its obligations to compensate

22  Plaintiffs and the Members of the Class for all wages earned.  As a proximate result of the

23  aforementioned violations, Hertz has damaged Plaintiffs and the Members of the Class in amounts

24  to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional

25  requirements of this Court.

26     44.    Hertz is liable to Plaintiffs and the Class Members alleged herein for all unpaid

27  wages attributable to vacation time accrued, and penalties, with interest thereon.

28     45.    Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

SCHNEIDER
& WALLACE

46.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**
(Against All Defendants)

47.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

48.    Labor Code §201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

49.    Labor Code §202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

50.    Labor Code §203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

51.    Class Members have left their employment with Hertz during the statutory period, at which time Hertz owed those Class Members their overtime wages. Hertz willfully refused and continues to refuse to pay Class Members all the wages that were due and owing them upon the end of employment. As a result of Hertz's actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

52.    Hertz's willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202. As a result, Hertz is liable to Plaintiffs and the Class Members for all penalties owing pursuant to Labor Code §§201-203.

53.    In addition, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

54. .    Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

55.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
12

# FIFTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§17200, *et seq.*
### (Against All Defendants)

56.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

57.    California Business and Professions Code §§17200 *ets seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

58.    California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

59.    Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

60.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Hertz has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a.   violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

    b.   violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

    c.   violations of Labor Code §227.3 and IWC wage orders pertaining to vacation wages; and

    d.   violations of Labor Code §§201-203.

61.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
- 13 -

1  unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et*

2  *seq.*

3          62.    The acts and practices described above constitute unfair, unlawful and fraudulent

4  business practices, and unfair competition, within the meaning of Business and Professions Code

5  §§17200 *et seq.* Among other things, the acts and practices have taken from Plaintiffs and the

6  Class wages rightfully earned by them, while enabling Hertz to gain an unfair competitive

7  advantage over law-abiding employers and competitors.

8          63.    Business and Professions Code §17203 provides that a court may make such orders

9  or judgments as may be necessary to prevent the use or employment by any person of any practice

10  which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent

11  Hertz from repeating its unlawful, unfair and fraudulent business acts and business practices

12  alleged above.

13          64.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs

14  and the Class Members have suffered a loss of money and property, in the form of unpaid wages

15  which are due and payable to them.

16          65.    Business and Professions Code §17203 provides that the Court may restore to any

17  person in interest any money or property which may have been acquired by means of such unfair

18  competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and

19  Professions Code §17203 for all wages and payments unlawfully withheld from employees during

20  the four-year period prior to the filing of this Complaint.

21          66.    Business and Professions Code §17202 provides: "Notwithstanding Section 3369 of

22  the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or

23  penal law in a case of unfair competition." Plaintiffs and Class Members are entitled to enforce all

24  applicable penalty provisions of the Labor Code pursuant to Business and Professions Code

25  §17202.

26          67.    Plaintiffs' success in this action will enforce important rights affecting the public

27  interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated.

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
14

1   Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory and injunctive relief, and

2   all other equitable remedies owing to them.

3         68.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

4   There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

5   public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to

6   pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to

7   Code of Civil Procedure §1021.5 and otherwise.

8         69.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

9                               <u>**PRAYER FOR RELIEF**</u>

10      WHEREFORE, Plaintiffs pray for relief as follows:

11        1.     For an order certifying this action as a class action under California Code of Civil

12   Procedure §382, as alleged herein, appointing Plaintiffs as a Class Representatives, and Plaintiffs'

13   attorneys as Class Counsel;

14        2.     For a declaratory judgment that Hertz has violated the California Labor Code and

15   public policy as alleged herein;

16        3.     For a declaratory judgment that Hertz has violated Business and Professions Code

17   §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California

18   public policy protecting wages;

19        4.     For preliminary, permanent and mandatory injunctive relief prohibiting Hertz, its

20   officers, agents and all those acting in concert with them, from committing in the future those

21   violations of law herein alleged;

22        5.     For an equitable accounting to identify, locate and restore to all current and former

23   employees the wages they are due, with interest thereon;

24        6.     For an order awarding Plaintiffs and the Class compensatory damages, including lost

25   wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and

26   Class Members, together with interest on these amounts, according to proof;

27        7.     For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor

28   Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
15

8.    For an award of reasonable attorneys' fees as provided by California Labor Code §§218.5 and 1194; California Code of Civil Procedure §1021.5; and/or other applicable law;

9.    For all costs of suit; and

10.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 5, 2007

SCHNEIDER & WALLACE

Hank Willson
Counsel for Plaintiffs

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
16

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Respectfully submitted,

Dated: September 5, 2007

SCHNEIDER & WALLACE

Hank Willson
Counsel for Plaintiffs

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Friend, et al. v. Hertz Corp., et al.*

17

I-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Joshua G. Konecky (SBN 182897) W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 180
San Francisco, CA 94104
TELEPHONE NO.: 415 421 7100      FAX NO.: 415 421 7105
ATTORNEY FOR (Name): Plaintiffs Melinda Friend and John Nhieu, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
Melinda Frienda and John Nhieu v. Hertz Corporation, and DOES 1-50

**FILED**
ALAMEDA COUNTY
SEP 0 6 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

*5902956*

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG 07344896 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Five (5)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 6, 2007
W.H. "Hank" Willson, IV
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
[American LegalNet, Inc.]

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Sheet Title: | Case Number: |
|---|---|
| Friend and Nhieu, et al., v. Hertz Corporation, and DOES 1-50 | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] Yes [ ] No |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 06 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

For Unlawful Detainer: Is the deft. in possession of the property? [ ] Yes [ ] No

For Judicial Review: Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No

202-19 (5/1/00)

LexisNexis® Automated California County Forms

<pre>
┌ Schneider & Wall                ┐     ┌ Hertz Corporation              ┐
  Attn: Konecky, Jo  ua
  180 Montgomery Street
  Suite 2000
└ San Francisco, CA   94104       ┘     └                                ┘
</pre>

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Friend <br><br> Plaintiff/Petitioner(s) <br> vs. <br><br> Hertz Corporation <br> Defendant/Respondent(s) <br> (Abbreviated Title) | No. RG07344896 <br><br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/26/2007   TIME: 11:00 AM   DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 11/26/2007   TIME: 02:00 PM   DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6157. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.


Dated: 09/07/2007                         Executive Officer / Clerk of the Superior Court

                                    By    _____
                                                                    Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/07/2007.

                                    By    _____
                                                                    Deputy Clerk

1  Joshua G. Konecky (SBN 182897)
   Clint J. Brayton (SBN 192214)
2  W.H. "Hank" Willson, IV (SBN 233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
4  Tel: (415) 421-7100
   Fax: (415) 421-7105
5  TTY: (415) 421-1665
6
7  Attorneys for Plaintiffs and the proposed Class
8
9              **SUPERIOR COURT OF CALIFORNIA**
10                **COUNTY OF ALAMEDA**
11
12 MELINDA FRIEND and JOHN NHIEU, on          Case No. RG344896
   behalf of themselves, and on behalf of all others
13 similarly situated,
                                              **PROOF OF SERVICE**
14              Plaintiffs,
15       vs.
16 HERTZ CORPORATION, and DOES 1 through
   50, inclusive,
17
18              Defendants.
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

**Friend, et al. v. Hertz Corporation, et al., Case No. RG07344896**

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is 180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

On September 12, 2007, I served the following document(s) described as:

- **NOTICE OF HEARING**

**BY OVERNIGHT MAIL**: I served the said document(s) on the interested parties by placing true copies thereof enclosed in a sealed DHL Express envelope, postage fully prepaid, to send via DHL Overnight in San Francisco, California, to the address(es) set forth below.

CT Corporation System
Agent for Service of Process
818 West Seventh St
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on September 12, 2007, at San Francisco, California.

Cathy Vittoria

EXHIBIT B

1  ROBERT A. DOLINKO (State Bar No. 076256)
   CHRIS BAKER (State Bar No. 181557)
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street; Suite 1800
3  San Francisco, CA 94105
   Telephone: (415) 371-1200
4  Facsimile: (415) 371-1211

5  Attorneys for Defendant
   THE HERTZ CORPORATION
6

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

OCT 1 1 2007

CLERK OF THE SUPERIOR COURT
By ___E. BAKER___
                                    Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF ALAMEDA

10

11  MELISSA FRIEND and JOHN NHIEU, on          Case No. RG 07344896
    behalf of themselves, and on behalf of all
12  others similarly situated,
                                                **CLASS ACTION**
13          Plaintiffs,

14          vs.                                 **ANSWER TO COMPLAINT**

15  THE HERTZ CORPORATION, and DOES 1           Action Filed:  September 6, 2007
    through 50, inclusive,                      Trial Date:    Not Set
16
            Defendants.
17

18

19          Defendant The Hertz Corporation ("Hertz" or "Defendant") hereby responds to the

20  unverified Complaint ("Complaint") of Plaintiffs Melissa Friend and John Nhieu. As used herein,

21  the term "Plaintiffs" also means and includes all others similarly situated on whose behalf the

22  Complaint was purportedly filed.

23  ///

24  ///

25  ///

26  ///

27  ///

28

SF #1349945 v1                          -1-
                              ANSWER TO COMPLAINT

**GENERAL DENIAL**

1.       Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant Hertz generally denies each and every allegation of the Complaint, including that this action may be maintained as a representative action or as a class action on behalf of others purportedly similarly situated, and/or the general public, and further denies that Plaintiffs or anyone else on whose behalf the Complaint is brought are entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

2.       The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against each Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.       The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure Sections 338(a), 340(a) and 343, and California Business and Professions Code section 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(No Standing)**

4.       Plaintiffs lack standing to sue on behalf of themselves or the purported class of others supposedly similarly situated with respect to all or some of their causes of action in the Complaint or the requested relief.

ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Business Directions)

5.    With respect to Plaintiffs' claims of misclassification, those claims fail because Plaintiffs and the class they purport to represent were required to substantially comply with the reasonable directions of their employer concerning the services for which they were engaged, yet Defendant is informed and believes that they failed to do so.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

6.    Defendant is informed and believes that Plaintiffs' causes of action are barred, in whole or in part, due to Plaintiffs' unreasonable delay in notifying Defendant of the alleged actionable wrongs, which delays have resulted in prejudice to Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Unclean Hands)

7.    Defendant is informed and believes that Plaintiffs' causes of action are barred, in whole or in part, based on the equitable doctrines of waiver, estoppel, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

8.    Although Defendant denies that it owes any amounts to Plaintiffs or the purported class, if it should be determined that amounts are owed, Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiffs and the purported class.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exempt Status)

9.    Plaintiffs' Complaint with respect to their claim for overtime compensation is barred in that Plaintiffs and the class members they purport to represent were/are exempt from the overtime provisions of California law (e.g., as executive and/or administrative employees).

## NINTH AFFIRMATIVE DEFENSE

### (Constitutional Bar to Punitive Damages)

10.    While Defendant denies that it committed or has responsibility for any act that could support the recovery of punitive damages, to the extent such recovery is sought against Defendant, it is unconstitutional under the provisions of the United States Constitution and/or the California Constitution.

## TENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

11.    Defendant alleges, based on information and belief, that Plaintiffs' claims for damages are barred because they are speculative and uncertain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.    Defendant alleges, based on information and belief, that Plaintiffs' claims for damages are barred in whole or in part to the extent Plaintiffs failed to mitigate, minimize or avoid the damages alleged in their Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Class Action)

13.    Defendant is informed and believes, and based thereupon alleges, that Plaintiffs' claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiffs are not adequate or proper representatives of the putative class; and/or the action fails to satisfy the legal standards for a class action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Ripeness)

14.    Defendant is informed and believes, and based thereupon alleges, that Plaintiffs' effort to recover vacation pay for existing employees is not ripe for adjudication.

///

///

WHEREFORE, Defendant The Hertz Corporation prays for judgment as follows:

1.  That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff take nothing thereby;

2.  That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

3.  That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: October 10, 2007

THELEN REID BROWN RAYSMAN & STEINER LLP

By _____Robert A. Dolinko_____

Robert A. Dolinko
Attorneys for Defendant
THE HERTZ CORPORATION

ANSWER TO COMPLAINT

**PROOF OF SERVICE BY MAIL**

CASE NO. RG 07344896

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On October 10, 2007, I served the following entitled document:

**ANSWER TO COMPLAINT**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

> Joshua G. Konecky
> Clint J. Brayton
> W.H. "Hank" Wilson, IV
> Schneider & Wallace
> 180 Montgomery Street, Suite 2000
> San Francisco, CA 94104

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 10, 2007, at San Francisco, California.

Lisa Schuh

SF #1351420 v1

-1-