EXHIBIT A



Joshua G. Konecky (SBN 182897)
Clint J. Brayton (SBN 192214)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Attorneys for Plaintiffs and the proposed class

FILED
ALAMEDA COUNTY
SEP 0 6 2007
CLERK OF THE SUPERIOR COURT
By_____
                          Deputy

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

| | |
|---|---|
| MELINDA FRIEND and JOHN NHIEU, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HERTZ CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. RG 07344896<br><br>**COMPLAINT FOR VIOLATIONS OF THE LABOR CODE, INDUSTRIAL WELFARE COMMISSION WAGE ORDERS, AND BUSINESS AND PROFESSIONS CODE §§17200,** *et seq.*<br><br>**DEMAND FOR A JURY TRIAL**<br><br>**CLASS ACTION**<br><br>**COMPLEX CASE** |

Plaintiffs Melinda Friend and John Nhieu ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

### INTRODUCTION

1. This is a class action against Hertz Corporation ("Hertz") to challenge its policy and practice of failing to pay its "Location Manager" (formerly called "Station Manager") and "Branch Manager" employees their overtime wages, failing to provide its Location and Branch Managers with the meal and rest periods to which they are entitled by law, and unlawfully taking from its

---

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

1

1. Location and Branch Managers vacation pay which they have earned without proper compensation.

2. Hertz maintains over 300 rental-car locations in California, and all of them employ at least one Location Manager. Despite the fact that Location and Branch Managers spend the vast majority of their time performing non-exempt tasks, Hertz refuses to pay them overtime compensation for their overtime hours worked. These include: taking reservations from customers, taking calls from customers with questions or complaints, moving cars on the lot, washing cars, cleaning out cars, delivering keys to customers, jump-starting cars, cutting keys, putting gas in cars, cleaning child seats, dispatching cars, assigning cars to customers, entering data into vehicle inventory systems, parking cars, cleaning out the office refrigerator, cleaning the office, taking contracts to vehicles or customers, moving boxes, assisting customers with the lost and found, entering data regarding customers who do not pick up reserved vehicles, directing customers to their vehicles, installing child seats, and checking customers at the gate before they leave the lot with cars.

3. In addition, Hertz's Location and Branch Managers are denied off-duty meal and rest periods. Despite the fact that Location and Branch Managers have consistently been denied their lawfully entitled meal and rest periods, Hertz has not offered to pay its Location and Branch Managers an hour of pay for any missed meal or rest period.

4. Hertz also maintains an unlawful "use it or lose it" policy with regards to accrued vacation wages for its Location and Branch Managers. Hertz provides Location and Branch Managers with set amounts of vacation time that they may accrue during a year, but any vacation time that a Location or Branch Manager does not use by December 31 of one year is completely eliminated, and as of January 1 of the following year, the Location or Branch Manager has lost all unused vacation time which he or she may have accrued during the previous year. Hertz's failure to pay rightfully earned vacation wages to its employees violates California law.

5. As a result of these violations, Hertz is also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq.*

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
2

6. Plaintiffs seek full compensation on behalf of themselves and all others similarly situated for all unpaid overtime, denied meal and rest periods, and unpaid vacation wages, as well as waiting time penalties. Plaintiffs further seek penalties on behalf of themselves and the proposed Class for Hertz's violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under Labor Code §§218.5, 226(e), and 1194, and Code of Civil Procedure §1021.5.

## PARTIES

7. Plaintiff Melinda Friend was employed by Hertz as a Location Manager from approximately January 2005 until August 30, 2007. Plaintiff Friend is and at all relevant times has been a resident of Gilroy in Santa Clara County, California. Plaintiff Friend is an employee at Hertz's location at the San Jose, California airport. At all relevant times, she has been an "employee" as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours and working conditions.

8. Plaintiff John Nhieu was employed by Hertz as a Location Manager from approximately January 2005 until August 2, 2007. Plaintiff Nhieu is and at all relevant times has been a resident of Milpitas in Santa Clara County, California. Plaintiff Nhieu is an employee at Hertz's location at the San Jose, California airport. At all relevant times, he has been an "employee" as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours and working conditions.

9. Defendant Hertz is, and at all times has been, the largest rental-car company in the country. It has locations in airports, cities and towns across the country, and has more than 300 locations in California.

10. At all relevant times, Hertz has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class Members in this judicial district. Hertz is a "person" as defined in California Labor Code §18 and California Business and Professions Code §17201. Hertz is also an "employer" as that term is

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

3

used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

11. Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1-50, and therefore sue these Defendants by fictitious names. Plaintiffs will amend their complaint to state the true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiffs' damages as hereinafter set forth were proximately caused by said Defendants.

12. Plaintiffs are informed and believe and thereon allege that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiffs as alleged herein.

13. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

14. Throughout this Complaint, any reference to "Hertz" is intended to refer to all Defendants jointly.

## JURISDICTION

15. This Court has jurisdiction over Plaintiffs' and the Class Members' claims for unpaid wages and denied meal and rest periods pursuant to the California Labor Code, including Labor Code §§218 and 1194, and the wage orders of the IWC.

16. This Court has jurisdiction over Plaintiffs' and the Class Members' claims for injunctive relief, including restitution of earned wages and benefits, which are the money and property of Plaintiffs and the Class Members, arising from Hertz's unfair competition under Business & Professions Code §§17203 and 17204. This Court also has jurisdiction over Plaintiffs' and the Class Members' claims for penalties in violation of the Labor Code pursuant to Business and Professions Code §17202, as well as pursuant to the applicable Labor Code provisions.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
Friend, et al. v. Hertz Corp., et al.
4

## VENUE

17. Venue as to Hertz is proper in this County pursuant to Code of Civil Procedure §395(a). Hertz conducts business, employs Class Members, and has airport and other locations in this County, and the events complained of occurred in this County.

## FACTUAL ALLEGATIONS

18. The policies and practices of Hertz, including failure to pay overtime wages, denial of meal and rest periods, failure to pay vacation wages, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar, if not identical, throughout the different Hertz locations in California.

19. Hertz fails to pay its Location and Branch Managers overtime compensation for overtime hours worked, in violation of Labor Code §510 and the applicable IWC wage orders. Hertz willfully classifies its non-exempt Location and Branch Managers as exempt from the overtime provisions of Labor Code §510 and the IWC wage orders. Hertz's Location and Branch Managers are not exempt from California's overtime laws. They have no discretion in making company policy, and they do not exercise the requisite discretion and independent judgment in the discharge of their duties.

20. Hertz's Location and Branch Managers are regularly denied off-duty meal and rest periods. They are frequently forced to eat while working, often have to skip their meal periods altogether, and rarely have a chance to take a rest break. This is in violation of Labor Code §§226.7, 512 and the IWC wage orders.

21. Hertz employs an unlawful "use-it-or-lose-it" policy regarding the vacation wages of its Location and Branch Managers. Hertz maintains a policy whereby any accrued vacation hours which are not used by December 31 are completely eliminated on January 1 of the next year. This policy violates Labor Code §227.3, which requires that employees be permitted to accrue vacation wages for a reasonable time.

22. Hertz has also failed to pay wages due and owing promptly upon the end of employment of those Location and Branch Managers who have left their employment within the statutory period, in violation of Labor Code §§201-203, as a result of Hertz's failure to pay

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

5

overtime and vacation wages, and its failure to properly compensate its Location and Branch Managers for the meal and rest periods they are denied.

23. Hertz's unlawful conduct has been widespread, repeated, and willful throughout its California locations. Hertz knew or should have known that its policies and practices have been unlawful and unfair.

## CLASS ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to California Code of Civil Procedure §382. The Class that Plaintiffs seek to represent is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as Location Manager, Station Manager, or Branch Manager employees at Hertz Corporation locations in California, at any time within four years prior to the filing of this complaint until resolution of this action.

25. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

    a. Numerosity: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

    b. Commonality: There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i. Whether Hertz's policy of classifying its Location and Branch Managers as exempt from overtime compensation violates the California Labor Code;

        ii. Whether Hertz's policy of classifying its Location and Branch Managers as exempt from overtime compensation has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
6

       iii. Whether Hertz's systemic failure to provide its Location and Branch Managers with an opportunity to schedule and take off-duty meal periods violates the California Labor Code and IWC wage orders;

       iv. Whether Hertz's systemic failure to schedule or otherwise ensure off-duty rest periods constitutes a violation of its legal obligation to authorize and permit off-duty rest periods;

       v. Whether Hertz's systemic failure to provide meal and rest breaks to its Location and Branch Managers has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

       vi. Whether Hertz's systemic failure to schedule or otherwise ensure off-duty rest periods has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

       vii. Whether Hertz's policy forbidding the reasonable accrual of vacation wages has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

       viii. Whether Hertz's policy forbidding the reasonable accrual of vacation wages violates the California Labor Code;

       ix. Whether Hertz's policy and practice of failing to pay its Location and Branch Managers all wages due upon the end of their employment violates the California Labor Code;

       x. Whether Hertz's policy and practice of failing to pay its Location and Branch Managers all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

       xi. The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and the Class as alleged herein.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
7

c. Typicality: Plaintiffs' claims are typical of the claims of the Class. Hertz's common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the class.

d. Adequacy of Representation: Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions, including large minimum wage and overtime class actions. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

e. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of Labor Code §§510 and 1194 and IWC Wage Orders**
(Against All Defendants)

26. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

27. California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ*.
*Friend, et al. v. Hertz Corp., et al.*
8

than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

28. The IWC Wage Order 7-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

29. California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

30. California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

31. Hertz's across-the-board policy of classifying Plaintiffs and other Location and Branch Managers as exempt from the overtime pay entitlements has been unlawful. At no relevant time have Plaintiffs and the Class Members been primarily engaged in exempt duties. Neither Paragraph 1 of Wage Order 7-2001 nor any other provision of law has exempted Plaintiffs and other Class Members from the right to overtime pay. Hertz's Location and Branch Managers do not regularly exercise discretion and independent judgment in carrying out their job duties, and have no discretion in making company policy.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
9

32. Plaintiffs and Class Members have worked overtime hours for Hertz without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

33. Hertz has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

34. Defendants are liable to Plaintiffs and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

35. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Provide Meal and Rest Periods**
**in Violation of California Labor Code §§226.7 and 512; IWC Wage Orders**
**(Against All Defendants)**

36. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

37. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Hertz to provide meal and rest periods to its Location and Branch Managers. Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes. Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

38. Under §226.7(b) and the applicable wage orders, an employer who fails to provide a

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ*.
*Friend, et al. v. Hertz Corp., et al.*
- 10 -

1  required meal period must, as compensation, pay the employee one hour of pay at the employee's
2  regular rate of compensation for each workday that the meal period was not provided. Similarly,
3  an employer must pay an employee denied a required rest period one hour of pay at the employee's
4  regular rate of compensation for each workday that the rest period was not provided.

5  39.  Despite these requirements, Hertz has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class with the meal and rest periods to which they are entitled. Hertz's conduct described herein violates California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

40.  Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Vacation Wages in Violation of Labor Code §227.3**
(Against All Defendants)

41.  Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

42.  In violation of Labor Code §227.3 and the applicable IWC Wage Orders, Hertz maintains a policy that does not allow Plaintiffs and the Class Members to carry over any accrued vacation hours into a new calendar year, no matter how many vacation hours an employee may have accrued at that point. This "use-it-or-lose-it" policy violates California law with respect to vested vacation wages.

43.  Hertz has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Members of the Class for all wages earned. As a proximate result of the aforementioned violations, Hertz has damaged Plaintiffs and the Members of the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

44.  Hertz is liable to Plaintiffs and the Class Members alleged herein for all unpaid wages attributable to vacation time accrued, and penalties, with interest thereon.

45.  Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
11

46. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**
(Against All Defendants)

47. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

48. Labor Code §201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

49. Labor Code §202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

50. Labor Code §203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

51. Class Members have left their employment with Hertz during the statutory period, at which time Hertz owed those Class Members their overtime wages. Hertz willfully refused and continues to refuse to pay Class Members all the wages that were due and owing them upon the end of employment. As a result of Hertz's actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

52. Hertz's willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202. As a result, Hertz is liable to Plaintiffs and the Class Members for all penalties owing pursuant to Labor Code §§201-203.

53. In addition, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

54. Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

55. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*

12

## FIFTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§17200, et seq.**
(Against All Defendants)

56. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

57. California Business and Professions Code §§17200 ets seq. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

58. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

59. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

60. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Hertz has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a. violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

    b. violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

    c. violations of Labor Code §227.3 and IWC wage orders pertaining to vacation wages; and

    d. violations of Labor Code §§201-203.

61. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
Friend, et al. v. Hertz Corp., et al.
13

unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et seq.*

62. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200 *et seq.* Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them, while enabling Hertz to gain an unfair competitive advantage over law-abiding employers and competitors.

63. Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Hertz from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

64. As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

65. Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

66. Business and Professions Code §17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiffs and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code §17202.

67. Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ*.
*Friend, et al. v. Hertz Corp., et al.*
14

1   Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

68.   Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

69.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.   For an order certifying this action as a class action under California Code of Civil Procedure §382, as alleged herein, appointing Plaintiffs as a Class Representatives, and Plaintiffs' attorneys as Class Counsel;

2.   For a declaratory judgment that Hertz has violated the California Labor Code and public policy as alleged herein;

3.   For a declaratory judgment that Hertz has violated Business and Professions Code §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

4.   For preliminary, permanent and mandatory injunctive relief prohibiting Hertz, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

5.   For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

6.   For an order awarding Plaintiffs and the Class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

7.   For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
15

8. For an award of reasonable attorneys' fees as provided by California Labor Code §§218.5 and 1194; California Code of Civil Procedure §1021.5; and/or other applicable law;

9. For all costs of suit; and

10. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 5, 2007

SCHNEIDER & WALLACE

*[signature]*

Hank Willson
Counsel for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Respectfully submitted,

Dated: September 5, 2007

SCHNEIDER & WALLACE

Hank Willson
Counsel for Plaintiffs

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Friend, et al. v. Hertz Corp., et al.*
17