Joshua G. Konecky (SBN 182897)
Clint J. Brayton (SBN 192214)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Attorneys for Plaintiffs and the Proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELINDA FRIEND and JOHN NHIEU, on behalf of themselves, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>HERTZ CORPORATION, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 3:07-cv-05222 MMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; OR, IN THE ALTERNATIVE, REQUEST FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 4, 2008<br>Time: 9:00 am<br>Courtroom: 7<br>Judge: The Hon. Maxine M. Chesney |

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

SCHNEIDER & WALLACE

## MOTION TO REMAND OR REQUEST FOR DISCOVERY

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 4, 2008, in the United States District Court for the Northern District of California, the Honorable Maxine M. Chesney presiding, Plaintiffs will and hereby do move the for an order remanding this case back to the Superior Court of California, County of Alameda.

Plaintiffs' Motion to Remand is made on the grounds that this Court does not have subject matter jurisdiction over this case under 28 U.S.C. §§1331, 1332, 1334 or 1441.  Plaintiffs' Request for Discovery is made on the grounds that, given Defendant's claims regarding its principal place of business, investigation into the evidence presented by Defendant may be required for Plaintiff and the Court to accurately ascertain Defendant's principal place of business.  Plaintiff's Motion is based on this Notice, Plaintiff's Memorandum of Points and Authorities in Support of this Motion, all other papers on file in this action, and such further argument or evidence as may be presented at the hearing.

Respectfully submitted,

Date: November 27, 2007                                SCHNEIDER & WALLACE

                                                                         /s/
                                                                    Hank Willson
                                                                    Counsel for Plaintiffs

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC
1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiffs filed their California class action complaint on September 6, 2007 in Alameda County Superior Court, alleging violations of state law, on behalf of a class of people employed only in California. Plaintiffs allege that Hertz has misclassified its Location Managers in California as exempt from overtime and other protections of the California Wage Orders, and does not pay them overtime for the substantial overtime hours that they work, despite the fact that Location Managers spend the majority of their time performing tasks that make them eligible for overtime and Wage Order protections under California law. This case, which involves the interpretation of California law for California workers, should be decided by a California court. Defendant Hertz Corporation removed this case not because the case presents a federal question, but by alleging diversity jurisdiction based on the claim that California is not Hertz's principal place of business. This is despite the fact that, by its own admission, Hertz derives more revenue, employs more workers, and rents more cars in California than in any other state. In fact, Hertz does nearly twice as much business in California as it does in any other state. As such, California is Hertz's "principal place of business," no diversity of citizenship exists here, and this Court does not have jurisdiction over this case.

Hertz supports its claims regarding its place of business through a declaration of one its "Managers" of "Employee Relations." On its face, the declaration does not establish diversity jurisdiction. Even assuming *arguendo* that the declaration does establish facts to support diversity jurisdiction, the extent of this person's knowledge, and the veracity of the data and numbers she cites, have yet to be tested in discovery. Either way, further discovery is needed to fully explore Hertz's claims about its business operations in California. Hence, while the Motion to Remand can be granted on the face of Hertz's own numbers, the Motion should not be denied before Plaintiffs are allowed to fully probe through discovery the evidence Hertz has presented on its removal petition.

Schneider & Wallace

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC
1

## II. PROCEDURAL HISTORY

Plaintiffs filed this putative class action in the Superior Court of California, in the County of Alameda, on September 6, 2007. Plaintiffs' Complaint alleges violations of California's Labor Code and the California Industrial Welfare Commission Wage Orders, and California's Unfair Business Practices Act. *See* Complaint, attached as Exhibit A to Hertz's removal petition, at ¶¶5-6. The Complaint does not contain any claims under federal law, or any references to federal law whatsoever. Defendant filed an Answer to Plaintiffs' Complaint in the state court on October 11, 2007, and removed this case to this Court on the same day.

This case was originally assigned to Magistrate Judge Edward Chen, but Hertz declined to proceed before Judge Chen on October 18, 2007. This Motion was originally filed on November 9, 2007 without being noticed for hearing, before the case had been reassigned. It was re-noticed for hearing after the case was reassigned.

## III. ARGUMENT

Hertz does not argue, in its Notice of Removal, that this case presents a federal question. In fact it cannot, since this is a claim on behalf of California workers for state-law violations. Hertz's only support for removal is its incorrect allegation that diversity of citizenship exists here, pursuant to 28 U.S.C. §1332. Section 1332 requires that the Plaintiffs, in a class action such as this one, be seeking in excess of $5,000,000 in damages, which is not in dispute. It also states that if "any member of a class of plaintiffs is a citizen of a State different from any defendant," then removal is permitted. 28 U.S.C. §1332(d)(2)(A). There is no dispute that all of the alleged class members are citizens of California. The only dispute on this Motion—indeed, the only reason Hertz has put forward for why diversity jurisdiction exists here—is whether Hertz is also a citizen of California.

In the Ninth Circuit, there is a "strong presumption against removal jurisdiction" and therefore "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Hertz does not meet this heavy burden of showing that it is not a citizen of California.

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

2

**A.  HERTZ'S "PRINCIPAL PLACE OF BUSINESS" IS CALIFORNIA**

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state of its principal place of business.  28 U.S.C. §1332(c)(1).

> Federal courts generally use one of two tests to determine a corporation's principal place of business. First, the "place of operations test" locates a corporation's principal place of business in the state which "contains a substantial predominance of corporate operations." *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.1990) (quoting *Co-Efficient Energy Systems v. CSL Industries*, 812 F.2d 556, 558 (9th Cir.1987)). Second, the "nerve center test" locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed. *See id*. at 1092-93 (citing *Inland Rubber Corp. v. Triple A Tire Service, Inc.*, 220 F.Supp. 490, 496 (S.D.N.Y.1963)). The Ninth Circuit Court of Appeals has given lower courts direction to determine which of these tests to apply: where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. *The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities*.

*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (per curiam) (emphasis in original).

Because California contains a substantial predominance of Hertz's business activities, its "principal place of business" is in California, and no diversity of citizenship exists here. "'[S]ubstantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business." *Id*.

### 1. The Public Policy Underlying Diversity Jurisdiction Counsels in Favor of Remand in this Case

Courts are also to consider the policy considerations underlying diversity jurisdiction, all of which militate in favor of remand here.  Hertz, as a nationwide, well-known company, "is not the kind of litigant that diversity jurisdiction was intended to protect[.]"  Companies that "maintain a large presence" in a state, as Hertz admits that it does in California, "is unlikely to be considered an 'outsider[,]'" or "suffer discrimination" from locals.  *Ghaderi v. United Airlines, Inc.*, 136 F.Supp.2d 1041, 1043 (N.D.Cal. 2001); *see also* Notice of Removal at ¶14 ("Hertz does business and operates rental facilities in 44 of the 50 states).

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC
3

Furthermore, "[d]eeming a corporation a citizen of the state with which it has the most public contact and, therefore, the 'greatest potential for litigation,' helps reduce the federal court diversity case load. Moreover, where a party has substantial contact with the public, the public is not likely to view it as an 'outsider' and not likely to discriminate on the basis of citizenship." *Id*. at 1044. Here, Hertz admits that it does more business in, and has more contact with, California than any other state. Hertz is in no danger of being discriminated against by the people, or the courts, of California because of its place of business.

### 2. Because California Contains a "Substantial Predominance" of Hertz's Business, There Is No Diversity Jurisdiction Here

In making the "substantial predominance" determination, courts are to consider "the location of employees, tangible property, production activities, sources of income, and where sales take place." *Id*. (citing *Industrial Tectonics,* 912 F.2d at 1094). Furthermore, "determining whether a corporation's business activity substantially predominates in a given state plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states." *Tosco*, 236 F.3d at 500 (citing *Montrose Chemical Corp. v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134-36 (9th Cir.1997) and *Industrial Tectonics*, 912 F.2d at 1094). In its Notice of Removal, Hertz flatly admits that it does more business in California than in any other state, and cites to the Declaration of Krista Memmelaar for statistics regarding each of these categories. Hertz attempts to minimize California's importance to its business by comparing it to the rest of the country rather than individual states. However, using the correct analysis as described by the Ninth Circuit in *Tosco*, it is apparent that California is Hertz's principal place of business. When conducting this analysis:

> where the corporation engages in a great deal of business activity in the state in issue, and where it engages in more of the kind of activity that matters most (analytically) in that state than in any other state, the courts should give the term "substantial" a relatively narrow meaning—and thus should decline to resort to the nerve center test unless the corporation proves that the difference between the levels of business activity in the states being compared is relatively insignificant.

*Ghaderi*, 136 F.Supp.2d at 1043.

S CHNEIDER & W ALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC
4

In *Ghaderi*, the Court held that California was United Air Lines' principal place of business after analyzing the five *Tosco* factors, where California narrowly edged out Illinois in each factor. *Id*. at 1045-1047.[1]

- Employees: According to Hertz's Notice of Removal, Hertz employs 20.5% of its employees in California; the next closest state is Florida, with 14.3%, for a 7.2 percentage-point difference.  Notice of Removal at ¶15.  In *Ghaderi*, California had 31.6% of United's employees, as opposed to 23% for Illinois, and the Court found no diversity of citizenship.  *Ghaderi*, 136 F.Supp.2d at 1045.

- Tangible Property: 17% of Hertz's locations and facilities (its "tangible property") are located in California, versus 9.7% in the next-highest state, Florida, or 1.75 times as much.  Notice of Removal at ¶16.  In *Ghaderi*, United maintained 1.7 times more tangible property in California than in Illinois, and the Court granted remand. *Ghaderi*, 136 F.Supp.2d at 1046.

- Sources of Income: Hertz claims that 18.6% of its revenue is generated in California, or 1.6 times the 11.6% generated in Florida.  Notice of Removal at ¶17. In *Ghaderi*, United generated only 1.37 times as much revenue in California as it did in Illinois, and the Court found California to be United's principal place of business.  *Ghaderi*, 136 F.Supp.2d at 1046.

---

[1] Another case from this District, *Ho v. Ikon Office Solutions, Inc.*, 143 F.Supp.2d 1163 (N.D.Cal. 2001), employed the *Tosco* factors and determined that Ikon's principal place of business was not in California, despite the fact that California represented the highest percentages for most—but not all—of the factors. *Id*. at 1166-1167.  That case is distinguishable from this one, however, because (1) by Plaintiff's own admission, Ikon conducted only "17-46% more activity in California than in the next most active state"; and (2) the Court paid special attention to the fact that "there is no state that can claim even 9% of Ikon's business." *Id*. at 1167. Here, Hertz conducts almost *twice* as much activity in California as in the next most active state, and California plays host to approximately 20% of Hertz's business.

Similarly, the District Court in *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D.Cal. 2003) found that California was not Home Depot's place of business because "the percentage of the corporation's activities in each of many states is so modest," in contrast to this case, where California contains 20% of Hertz's business activity.  *Id*. at 1107 (quoting *Ho*, 143 F.Supp. at 1167-1168).

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

5

- Sales: 18.2% of Hertz's rentals occur in California, or 1.7 times the 10.7% that occurred in the next-highest state, Florida. Notice of Removal at ¶18. In *Ghaderi*, 24% of United's passengers originated in California, versus 18% in Illinois, or only 1.33 times as many. *Ghaderi*, 136 F.Supp.2d at 1045.

Hertz's Notice of Removal does not address the "production activities" factor, but it can be inferred from the other factors that approximately 1.7 times the production activities of Hertz occur in California versus the next-highest state. All of these factors show that California represents a significantly larger portion of Hertz's business than any other state. When Hertz's business activities in California are analyzed in comparison to other individual states, as required by the Ninth Circuit in *Tosco*, the only conclusion is that California is Hertz's principal place of business. As such, this Court need not even address the location of Hertz's "nerve center." *Tosco*, 236 F.3d at 500.

### B. PLAINTIFFS SHOULD BE PERMITTED TO CONDUCT DISCOVERY INTO HERTZ'S ALLEGATIONS REGARDING ITS "PRINCIPAL PLACE OF BUSINESS"

A Removal (and thus a Motion to Remand) that relies on the "principal place of business" test can be a peculiarly fact-intensive inquiry: "courts must address this kind of question on a case by case basis, taking into account each of the many pertinent circumstances as they present themselves uniquely in each litigated setting." *Ghaderi*, 136 F.Supp.2d at 1047. Plaintiffs' complaint was filed only two months ago; Hertz immediately removed to this Court. As such, no discovery has yet been conducted. Plaintiffs have not been afforded an opportunity to explore the basis for Hertz's claims regarding its "principal place of business." In order to do so, Plaintiffs would have to, at a minimum, depose Ms. Memmelaar, review the records upon which Hertz relies in discussing its revenue and employee counts, and conduct other written discovery directed at ascertaining whether or not California is Hertz's "principal place of business."

The numbers even as Hertz presents them show that California is Hertz's principal place of business, and thus no diversity of citizenship exists here. Even if they were to show otherwise, however, this Motion to Remand should not be denied until Plaintiffs are given a chance to peer

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

6

1  behind those numbers, without having to take them at face value.  Allowing Hertz to avoid remand
2  without such discovery would be inappropriate in such a fact-intensive inquiry.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Remand; or, in the alternative, that this Court permit Plaintiffs to conduct discovery into Hertz's principal place of business before ruling on this Motion.

Respectfully submitted,

Date: November 27, 2007                                  SCHNEIDER & WALLACE

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　Hank Willson
　　　　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiffs

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

7