1  ROBERT A. DOLINKO (State Bar No. 076256)
   radolinko@thelen.com
2  CHRIS BAKER (State Bar No. 181557)
   cdbaker@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street; Suite 1800
4  San Francisco, CA 94105
   Telephone:  (415) 371-1200
5  Facsimile:   (415) 371-1211

6  Attorneys for Defendant
   THE HERTZ CORPORATION
7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  MELINDA FRIEND and JOHN NHIEU, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  3:07-CV-05222 MMC<br><br>**BRIEF OF DEFENDANT THE HERTZ CORPORATION IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date/Time: Jan. 4, 2008 @ 9:00 a.m.<br>Courtroom:       7<br><br>Complaint Filed: September 6, 2007<br>Trial Date:          None |

   Defendant The Hertz Corporation ("Hertz") removed this case to federal court based upon diversity of citizenship under the Class Action Fairness Act.  28 U.S.C. §1332(d), *et seq*.  It is undisputed, and supported by record evidence, that Hertz is incorporated in the State of Delaware; its corporate headquarters is located in the State of New Jersey; and there is more than $5,000,000 in dispute in this matter. Plaintiffs' motion to remand is based solely on the erroneous contention that the "substantial predominance" of Hertz's business activity occurs within the State of California.  As explained below, and as established by the evidence set forth in the Declaration of Krista Memmelaar filed with the removal of the action, Hertz's

business is spread nationwide, and the substantial predominance of its business activity does <u>not</u> occur within California or any single state.

## I. STATEMENT OF FACTS

Hertz does business in 44 of the 50 states. It is incorporated in Delaware. Its corporate headquarters is in New Jersey. (Memmelaar Decl. ¶1-3.) California is one of many states in which it does business. Reflective of the fact that California is one of the largest states in terms of geography, and is the largest state in the union in terms of population, Hertz has a greater presence in California than in other states. However, the size of its activities in California is reflective of the state's size, and (for example) its level of activity in Florida is a close second.

As explained in its original removal papers, as of June 30, 2007, Hertz employed approximately 11,230 employees in the United States. Only approximately 2,299 (20.5%) were employed by Hertz in California. The next largest states were: Florida 1,602 (14.3%); Texas 858 (7.6%); New York 614 (5.5%); and Illinois 543 (4.8%). (Memmelaar Decl. ¶7.)

The total rental revenue earned by Hertz rental operations nationwide in 2006 was approximately $4,371,000,000. Of this amount, approximately $811,000,000 (or 18.6%) was revenue earned by operations in California. Hertz's "sales" are reflected by the revenue it earned through the rentals of vehicles. The next largest states in terms of revenues or "sales" were: Florida $505M (11.8%); Texas $296M (6.9%); New York $213M (5.0%); and Illinois $158M (4.0%). (Memmelaar Decl. ¶8.)

In terms of rental activity in 2006, Hertz processed approximately 20,940,000 vehicle transactions nationwide that year. Of this figure, only 3,801,000 rentals (or 18.2%) were processed in California. The next largest states in terms of vehicle transactions in 2006 were: Florida 2,245,000 (10.7%); Texas 1,566,000 (7.5%); New York 943,000 (4.5%); and Illinois 873,000 (4.2%). (Memmelaar Decl. ¶9.)

SF #1366171 v1                                -2-
DEFENDANT'S BRIEF IN OPPOSITION TO REMAND MOTION

Hertz had approximately 1,606 profit-center rental locations in the U.S. in 2006. Of these, approximately 273 (17.0%) were in California. The next largest states in terms of profit-center rental locations were: Florida 155 (9.7%); Texas 123 (7.7%); Illinois 83 (5.2%); and New York 83 (5.2%). (Memmelaar Decl. ¶6.)

Defendant Hertz asks that the Court take judicial notice of the U.S. Bureau of the Census population figures for 2005 (est.) for the entire country and these same states. The 2005 population figures are as follows: United States 296,410,404; California 36,132,147 (12.2%); Florida 17,789,864 (6.0%); Texas 22,859,968 (7.7%); Illinois 12,763,371 (4.3%); and New York 19,254,630 (6.5%). *See* Exhibit A attached.

## II.  ARGUMENT

The seminal Ninth Circuit case regarding the citizenship of a corporation is *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990). In that case, the Court adopted a "place of operations test" for determining the citizenship of a corporation and explained that "the principal place of business is the state which contains a substantial predominance of corporate operations." *Id*., 912 F.2d at 1092. In *Industrial Tectonics*, the employer conducted business in only two states and "a majority of ITI's business takes place in California …" *Id*. 912 F.2d at 1093. Thus, the Court ruled that "ITI's operations are not so spread out that one must look to the corporate headquarters to find a principal place of business; most corporate activity apparently occurs in California." *Id*., 912 F.2d at 1093.

*Industrial Tectonics* was followed by *Tosco Corporation v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001). The facts of *Tosco* are extreme. A large oil company sued a non-profit environmental group for defamation. The plaintiff, Tosco, failed to provide the trial court with any specific information about its business in states other than California. However, the defendant pointed out that five of Tosco's eight refineries were in California while no other state had more than one; the California refineries represented over 40 percent of Tosco's refining

capacity; two of Tosco's four blending and packaging facilities were in California; and 37 percent of Tosco's retail locations were in California. Based on these facts, and having virtually no information about Tosco's operations in other specific states, the Court concluded that "Plaintiff's presence in California significantly outweighs its presence in any other state." *Id*. 236 F.3d at 501-02.

Where a corporation's operations are spread among many states, the courts in this Circuit consistently have concluded that no state is dominant and the principal place of business is determined by the "nerve center test," *i.e.*, where the corporation's executive and administrative functions are performed. *See, e.g.*, *Breitman v. May Company California*, 37 F.3d 562, 564 (9th Cir. 1994) (company operated in 30 states and "because no one state contains a substantial predominance of the corporation's business activities, the place of operations test is inappropriate"). Similarly, in *Ho v. Ikon Office Solutions, Inc.*, 143 F.Supp.2d 1163 (N.D. Cal. 2001), the district court found that Ikon did business in all 50 states and had employees in all of those states, but it had more employees and did more business in California than in any other individual state.[1] Nonetheless, the court recognized California's size and concluded: "Where, as here, the percentage of the corporation's activities in each of many states is so modest, it is especially important for the court to take into account the distorting effect (on the numbers that reflect activity in the many states) of the forum state's size." *Id.*, 143 F.Supp.2d at 1168.

A similar conclusion was reached by the district court in *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D. Cal. 2003). There, the court followed both *Industrial Tectonics* and *Tosco*, stating that the place of operations test is appropriate only where a corporation conducts substantially all of its operations in a

---

[1] Ikon employed a greater percentage of its workforce in California than any other state (8.6% vs. 7.4% in the next largest state) and derived more of its income from California than any other state (7.9% vs. 5.4% in the next largest state).

particular state or the amount of business activity in one state is "significantly larger" than in any other state. *Id*., 245 F.Supp.2d at 1105.  In *Arellano*, the evidence revealed that Home Depot did business in 49 states, with 15.1% of its workforce in California and only 9.3% in Florida, the next largest state.  The court also observed that while California had the largest number of Home Depot employees and retail stores compared with any other state, "the margin of difference is not significant enough for a corporation that conducts business in forty-nine of the fifty states." *Id*., 245 F.Supp.2d at 1107.  Finally, the *Arellano* court recognized that California was the most populous state in the nation, and that "the distorting effect of [California's] size must be taken into consideration." *Id*.

The case at bar is directly analogous to *Ho* and *Arellano*.  Here, Hertz's operations are widely dispersed as it does business in 44 of 50 states.  Its operations are not concentrated in two states or even a handful of states.  While it has more employees and rental locations in California than any other state, those numbers are not disproportionately high.  For example, Hertz has 2,299 employees in California and 1,602 employees in Florida; yet the population of Florida is only half that of California.  In terms of revenue, Hertz derived 18.6% of its 2006 revenue from California and 11.6% of that revenue from Florida.  Similarly, Hertz's activity in Florida is significant in terms of rental locations and rental transactions.  Moreover, more than 80 percent of Hertz's business operations and revenues take place in states other than California.

Plaintiff's argument in favor of remand relies almost exclusively on the opinion of Magistrate Judge Brazil in *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041, 1045 (N.D. Cal. 2001).  That case is readily distinguishable.  In *Ghaderi*, more than half of all of United Airlines' operations were found in just two states.  Significantly, almost a third of United's employees worked in California, more than half its mechanics worked in California, more than a third of its tangible property was located in California, and more than 40 percent of its revenue derived from

flights departing from, arriving in or connecting through California. This is a far cry from Hertz's business levels in California, which are in the teens.[2]

The business activity test explained in *Tosco* is "substantial predominance" - the test is not "a majority" nor even a "predominance." For Hertz to be deemed a citizen of California, it must conduct a "substantial predominance" of its activities in this state. Based upon the facts set forth above and through the Declaration of Krista Memmelaar, it is abundantly clear that Hertz does business nationwide, and it is not substantially predominant in any single state.

Under these circumstances, the cases uniformly state that a court is to look to the nerve center test to determine a corporation's principal place of business. It is clear that the nerve center of Hertz is not found in California. Hertz's high ranking executives work in New Jersey, its corporate headquarters is in New Jersey, and its administrative operations are centered in New Jersey and Oklahoma. (Memmelaar Decl. ¶11.) There is no evidence suggesting that Hertz' nerve center is in California.

## III. REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b), (c) and/or (d), Hertz respectfully requests that the Court take judicial notice of the United States Bureau

---

[2] Both *Ho*, 143 F.Supp.2d at 1167, and *Arellano*, 245 F.Supp.2d at 1106, distinguished *Ghaderi* because the parties in *Ghaderi* only presented evidence regarding United's business in two states which clearly contained a substantial amount of United's operations. Hertz's business in California is far more analogous to that of Home Depot in *Arellano* and Ikon Office Solutions in *Ho* – where the business is more widely dispersed among more than 40 states, and the greater activity in California is more reflective of its larger population. In *Lao v. Wickes Furniture Co., Inc.*, 455 F.Supp.2d 1045, 1065-66 (C.D. Cal. 2006), the court cited *Ghaderi* with approval for the proposition that "when a company's business activities are confined to a couple of states, with each containing a large percentage of overall business activity, the difference between the magnitude of activity in the two states need not be very large to be considered substantial." *Wickes* itself dealt with the situation where the entity in question did business in only five states, two predominated, and nearly half of the entity's employees and sales occurred in California. Again, these cases are sharply distinguishable as Hertz does business virtually throughout the country.

of the Census population figures (2006 estimates) for the United States and the States of California, Florida, Texas, Illinois and New York, copies of which are attached hereto as Exhibit A.  These were obtained from the Bureau of the Census web site "quickfacts.census.gov."

**IV.     CONCLUSION**

For the foregoing reasons, The Hertz Corporation respectfully submits that it is not a citizen of the State of California, there is complete diversity between plaintiff and defendant, and this court has jurisdiction over this matter.

Dated:  December 14, 2007          Respectfully submitted.

THELEN, REID BROWN RAYSMAN
 & STEINER LLP


By: /s/ Robert A. Dolinko, Esquire
    ROBERT A. DOLINKO
    Attorneys for Defendant
    THE HERTZ CORPORATION