1   ROBERT A. DOLINKO (State Bar No. 076256)
    radolinko@thelen.com
2   CHRIS BAKER (State Bar No. 181557)
    cdbaker@thelen.com
3   THELEN REID BROWN RAYSMAN & STEINER LLP
    101 Second Street; Suite 1800
4   San Francisco, CA 94105
    Telephone:  (415) 371-1200
5   Facsimile:   (415) 371-1211

6   Attorneys for Defendant
    THE HERTZ CORPORATION
7

8                      **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  | MELINDA FRIEND and JOHN | Case No.:  3:07-CV-05222 MMC |
    NHIEU, on behalf of themselves, and
12  on behalf of all others similarly | **[PROPOSED] ORDER DENYING** |
    situated, | **PLAINTIFFS' MOTION TO** |
13  | **REMAND** |
            Plaintiffs,
14  | **Date/Time: Jan. 4, 2008 @ 9:00 a.m.** |
            vs. | **Courtroom:        7** |
15
    THE HERTZ CORPORATION, and | **Complaint Filed: September 6, 2007** |
16  DOES 1 through 50, inclusive,

17          Defendants.

18

19          Plaintiffs' Motion to Remand was heard on January 4, 2008.  Having

20  considered the parties written submissions, having heard oral argument, and good

21  cause appearing therefor, IT IS HEREBY ORDERED that Plaintiff's motion to

22  remand is DENIED.

23          Plaintiffs' motion is founded entirely on the premise that Defendant The

24  Hertz Corporation's principal place of business is in California.  It is undisputed that

25  Hertz is incorporated in Delaware, its headquarters is in New Jersey, and its

26  administrative functions are located primarily in New Jersey and Oklahoma.

27  California can be its principal place of business only if the substantial predominance

28  of its corporate operations are located within California.

SF #1380008 v1                          -1-

[PROPOSED] ORDER DENYING MOTION TO REMAND MOTION

1    In *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.

2    1990), the Ninth Circuit adopted a "place of operations test" for determining the

3    citizenship of a corporation and explained that "the principal place of business is the

4    state which contains a *substantial predominance* of corporate operations."

5    (Emphasis added.)  For example, in *Tosco Corporation v. Communities for a Better*

6    *Environment*, 236 F.3d 495, 501-02 (9th Cir. 2001), the Court concluded that

7    California was Tosco's principal place of business as five of Tosco's eight refineries

8    were in California while no other state had more than one; the California refineries

9    represented over 40 percent of Tosco's refining capacity; two of Tosco's four

10   blending and packaging facilities were in California; and 37 percent of Tosco's

11   retail locations were in California.

12   Here, Hertz does business in 44 of 50 states, and its business is spread among

13   those states.  The substantial predominance of Hertz's business activities is not in

14   California or any single state.  Less than 20 percent of Hertz's operations are found

15   in California.  This case is directly analogous to *Breitman v. May Company*

16   *California*, 37 F.3d 562, 564 (9th Cir. 1994) (company operated in 30 states and

17   "because no one state contains a substantial predominance of the corporation's

18   business activities, the place of operations test is inappropriate"); *Ho v. Ikon Office*

19   *Solutions, Inc.*, 143 F.Supp.2d 1163, 1168 (N.D. Cal. 2001) (Ikon did business in all

20   50 states and had more employees and did more business in California than in any

21   other individual state, but court concluded substantial predominance of business

22   activities were not in California,  particularly when taking into account the forum

23   state's size); and *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1107

24   (S.D. Cal. 2003) (California not Home Depot's principal place of business as its

25   business activity in California was not "significantly larger" than that of any other

26   state - while California had the largest number of Home Depot employees and retail

27   stores compared with any other state, "the margin of difference is not significant

28   enough for a corporation that conducts business in forty-nine of the fifty states.")

SF #1380008 v1                    -2-

[PROPOSED] ORDER DENYING MOTION TO REMAND MOTION

1    Further, as Plaintiffs have failed to explain why any of the simple statistical

2  data provided by Hertz's Employee Relations Manager is suspect or subject to

3  challenge, there is no reason to permit discovery on this subject.

4    IT IS SO ORDERED.

5

Dated:  January __, 2008

6

                                                   _____

7                                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING MOTION TO REMAND MOTION