Joshua G. Konecky (SBN 182897)
Clint J. Brayton (SBN 192214)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Attorneys for Plaintiffs and the Proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELINDA FRIEND and JOHN NHIEU, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HERTZ CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:07-cv-05222 MMC<br><br>**PLAINTIFF'S REPLY BRIEF FOR MOTION TO REMAND; OR, IN THE ALTERNATIVE, REQUEST FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS**<br><br>Date: January 4, 2008<br>Time: 9:00 am<br>Courtroom: 7<br>Judge: The Hon. Maxine M. Chesney |

REPLY BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

SCHNEIDER & WALLACE

## I. INTRODUCTION

The only issue on this Motion to Remand is whether Defendant Hertz Corporation does enough business in California for the state to be considered one of Hertz's principal places of business and thereby defeat diversity jurisdiction. Hertz's Opposition to Plaintiff's Motion to Remand shows, at the most, that its removal petition presents a "close call." But Hertz must show more than that in order to demand this Court's jurisdiction over a case involving entirely California-law claims on behalf of only California workers. That is, Hertz simply has not shown enough to overcome the "strong presumption against removal jurisdiction[,]" and has not met its heavy "burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). In fact, Hertz does substantial business in California, and far more business in California than in any other state.

Furthermore, none of the public policy factors which undergird diversity jurisdiction exists here: Hertz does substantial business in California, and is extremely familiar with the California courts and citizenry. It will not be prejudiced by having this case heard by the Superior Court of California. For all of these reasons, this case should be remanded back to state court, so that a California court can decide these purely California-law claims.

## II. ARGUMENT

### A. HERTZ'S PRINCIPAL PLACE OF BUSINESS IS CALIFORNIA; THEREFORE, THERE IS NO DIVERSITY OF CITIZENSHIP

A corporation is deemed to be a citizen of the state of its principal place of business. 28 U.S.C. §1332(c)(1). California contains a substantial predominance of Hertz's business activities; thus, Hertz's "principal place of business" is in California, and no diversity of citizenship exists here. "'[S]ubstantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (per curiam).

SCHNEIDER & WALLACE

REPLY BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

1

Hertz, in its Opposition, attempts to distinguish *Ghaderi v. United Airlines, Inc.*, 136 F.Supp.2d 1041 (N.D.Cal. 2001) and likens this case to *Ho v. Ikon Office Solutions, Inc.*, 143 F.Supp.2d 1163 (N.D.Cal. 2001) and *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D.Cal. 2003). Though Hertz calls *Ghaderi* "readily distinguishable," this case actually has more in common with *Ghaderi* than with *Ho* and *Arellano*.

In *Ho*, no more than 8.6% of any category of Ikon's *Tosco* business factors took place in California, which is half or less than half of the 17-20% for each factor in this case. *Ho*, 143 F.Supp.2d at 1165-1166; Notice of Removal at ¶¶15-18. In addition, Ikon had more tangible property outside than inside of California, which is not the case with Hertz. *Ho*, 143 F.Supp.2d at 1166.

In *Arellano*, the Court only considered three of the *Tosco* factors—number of employees, location of tangible property, and location of executive and administrative offices—ignoring sales activity, sources of income, and production activities. *Arellano*, 245 F.Supp.2d at 1106-1107. Home Depot did not exceed 15.1% in any one state for any of the *Tosco* factors. *Arellano*, 245 F.Supp.2d at 1106-1107. Furthermore, Home Depot had far more tangible property in Georgia than in California. *Id*. at 1107. The Court also chose to give great weight to the location of Home Depot's administrative offices, despite the fact that this factor is not determinative under *Tosco*. *Tosco*, 236 F.3d at 502.

The *Ghaderi* case presents a more analogous situation to the case at bar than *Ho* or *Arellano*. In *Ghaderi*, like in this case, California had more employees, sources of income, tangible property, sales, and production activities than any other state. *Ghaderi*, 136 F.Supp.2d at 1045-1046; Notice of Removal at ¶¶15-18. As a result, the Court remanded the case to state court. *Ghaderi*, 136 F.Supp.2d at 1048. This is in contrast to *Ho* and *Arellano*, where California was not the busiest in all of those categories. *Ghaderi* is most similar to this case; this case should, like *Ghaderi*, be remanded to the state court to decide Plaintiffs' exclusively state-law claims.

Hertz also cites to the *Ho* Court's assertion that in evaluating a company's principal place of business, "it is especially important for the court to take into account the distorting effect (on the numbers that reflect relative activity in the many states) of the forum state's size." *Ho*, 143

SCHNEIDER & WALLACE

REPLY BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

2

F.Supp.2d at 1168. But as the Central District of California has pointed out, "whatever salutary benefit such a per capita means of examining the pertinent factors may have, *it is certainly not one required by Ninth Circuit precedent*." *Lao v. Wickes Furniture Co., Inc.*, 455 F.Supp.2d 1045, 1063 (C.D.Cal. 2006) (emphasis added), *overruled on other grounds by Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007). Indeed, neither of the seminal Ninth Circuit cases on the subject, *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990) and *Tosco*, follow the per-capita approach. *Id*.

The Court in *Lao* distinguished *Ho* from cases like this one:

> In *Ho*, the company conducted business in all 50 states and in no state did its business activity exceed nine percent of its overall business…[R]eference to such statistical methodology is reserved for those instances when a company does business relatively evenly and thinly nationwide—meaning in no state did the company's business operations exceed 20% of its total amount of business activity.

*Id*. at 1064. In this case, of course, Hertz conducts about one-fifth of all of its business in just one state: California. Thus, California is Hertz's principal place of business, and no diversity of citizenship exists here.

### B. STRICT CONSTRUCTION OF REMOVAL STATUTES REQUIRES REMAND HERE

"[T]he policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Furthermore: "Federal jurisdiction must be rejected if there is *any* doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).)

At most, Hertz shows only some question as to whether its principal place of business is in California. Hertz attempts to distinguish *Ghaderi* and analogize this case to *Ho* and *Arellano*, but this merely proves that cases with similar—but not identical—circumstances have gone in both directions. Even putting aside the fact that this case, as shown above, is more analogous to *Ghaderi* than to *Ho* and *Arellano*, this case appears to reside, at most, somewhere between *Ghaderi* on the one hand and *Ho* and *Arellano* on the other. In *Ghaderi*, the Court found that a company that did approximately 24-41% of its business in California, about 1.5 times the next busiest state,

S<small>CHNEIDER</small> & W<small>ALLACE</small>

REPLY BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

3

had its principal place of business in California. *Ghaderi*, 136 F.Supp.2d at 1045-1046. In *Ho* and *Arellano*, in which the companies did between approximately 7.7 and 15.1% of their business in California, and only about 1.16 times the next busiest state, the Courts held otherwise. *Ho*, 143 F.Supp.2d at 1165-1166; *Arellano*, 245 F.Supp.2d at 1106-1107. Here, Hertz, by its own admission, does about 20% of its business in California, about 1.7 times as much as it does in Florida. Notice of Removal at ¶¶15-18.

In no way, then, has Hertz shown enough to overcome the "strong presumption" against removal. *Gaus*, 980 F.2d at 566. This case should be remanded, especially when the principles and public policies forming the foundation for diversity jurisdiction are considered.

### C. THE PUBLIC POLICY UNDERLYING DIVERSITY JURISDICTION HAS NO APPLICATION TO THIS CASE

Hertz is a household name in this state, and a company that does extensive business in California. As such, it "is not the kind of litigant that diversity jurisdiction was intended to protect[.]" *Ghaderi*, 136 F.Supp.2d at 1043. "The underlying purpose of diversity of citizenship legislation ... is to provide a separate forum for out-of-State citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the Federal courts." *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 774 (9th Cir. 1992) (quoting S.Rep. No. 1830, 85th Cong., 2d Sess. 4 (1958)).

The *Ghaderi* Court recounted, in great detail, the public policies underlying diversity jurisdiction:

> • Public policy favors allowing state courts to adjudicate state law claims: The diversity statute is to be strictly construed against intruding on the rights of the states to decide their own controversies.
>
> • Public policy favors reducing the federal courts' diversity case load in favor of allowing states to resolve their controversies when it is appropriate to do so: Federal courts are courts of limited jurisdiction. Accordingly, courts should strictly construe the removal statute. There is a presumption against removal and federal courts must reject jurisdiction if there is doubt about the right of removal in the first instance.
>
> • The primary purpose of the diversity statute is to avoid prejudice against "outsiders." Parties who have a great deal of contact with the public in a particular state are not likely to be considered outsiders and, therefore, are not likely to be victims of discrimination by "locals."

SCHNEIDER & WALLACE

REPLY BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

4

• Public policy favors avoiding waste of both litigants' and judicial resources: If the parties were to proceed through trial in this court after an erroneous finding that the court has diversity jurisdiction the resources devoted to the litigation by the parties and the court would have been wasted. The federal judgment would be invalid, and the parties would have to relitigate in state court. In contrast, if the court erroneously remands to state court, a state court will resolve plaintiff's state law claims in a forum in which United maintains a substantial presence. Little, if any, harm will follow.

*Ghaderi*, 136 F.Supp.2d at 1043.

All of these public policy factors militate in favor of remand in this case:

- This case contains only state-law claims. A California court should be permitted to decide this exclusively California-law controversy.

- Remanding this case fulfills the policy of narrowly construing the removal statute, especially in an obviously close case such as this one, and allows this Court to reduce its diversity caseload.

- Hertz is a company that "maintain[s] a large presence" in California, and "is unlikely to be considered an 'outsider[,]'" or "suffer discrimination" from locals. *Ghaderi*, 136 F.Supp.2d at 1043. Hertz has extensive familiarity with Californians: "where a party has substantial contact with the public, the public is not likely to view it as an 'outsider' and not likely to discriminate on the basis of citizenship." *Id.* at 1044. Hertz also has extensive familiarity with California courts; it cannot deny credibly that the company has been a plaintiff, defendant, or cross-defendant in numerous cases in California state courts.

- A close case like this presents a strong danger of an erroneous finding of federal jurisdiction, such that this case will be litigated in federal court only to be transferred back to the state court after the expense of considerable time and resources. Remanding this case to the California court, to decide its wholly California-law claims, avoids that danger.

Hertz will not suffer prejudice at the hands of the California courts. Thus, a California court should resolve this entirely California case.

SCHNEIDER & WALLACE

REPLY BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY REGARDING HERTZ'S PRINCIPAL PLACE OF BUSINESS
*Friend, et al. v. Hertz Corp., et al.*, Case No. 3:07-cv-05222 MMC

5

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Remand; or, in the alternative, that this Court permit Plaintiffs to conduct discovery into Hertz's principal place of business before ruling on this Motion.

Respectfully submitted,

Date: December 21, 2007                SCHNEIDER & WALLACE

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　Hank Willson
　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiffs