1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MELINDA FRIEND, et al.,                    No. C-07-5222 MMC

12              Plaintiffs,               **ORDER GRANTING PLAINTIFFS'
                                          MOTION TO REMAND; VACATING**
13       v.                               **HEARING**

14   HERTZ CORPORATION,

15              Defendant
     ─────────────────────────────────────/
16

17       Before the Court is plaintiffs' motion to remand, filed November 27, 2007.

18   Defendant has filed opposition, to which plaintiffs have replied.  Having read and

19   considered the papers filed in support of and in opposition to the motion, the Court deems

20   the matter suitable for decision thereon, VACATES the hearing scheduled for January 4,

21   2008, and rules as follows.

22                              **BACKGROUND**

23       In their complaint, initially filed in state court, plaintiffs allege state law claims on

24   behalf of a class, arising from defendant's asserted failure to provide the class "overtime

25   wages, "meal and rest breaks," and "vacation pay."  (See Compl. ¶ 1.)  On October 11,

26   2007, defendant removed the action to district court, alleging diversity jurisdiction under 28

27   U.S.C. § 1332(d)(2), which provides that a district court has jurisdiction over a class action

28   in which the matter in controversy exceeds $5,000,000 and "any member of a class of

United States District Court
For the Northern District of California

1  plaintiffs is a citizen of a State different from any defendant." See 28 U.S.C. § 1332(d)(2).

2  In the Notice of Removal, defendant alleges the amount in controversy exceeds

3  $5,000,000, that each class member is a citizen of California, and that defendant is a

4  citizen of Delaware, its state of incorporation, and of New Jersey, its principal place of

5  business.  By the instant motion, plaintiffs argue that defendant has failed to show that its

6  principal place of business is a state other than California, and, consequently, has failed to

7  establish the existence of diversity of citizenship.

8                                    **LEGAL STANDARD**

9          Once an action has been removed, "[i]f at any time before final judgment it appears

10 that the district court lacks subject matter jurisdiction, the case shall be remanded."  See

11 28  U.S.C. § 1447(c).  In considering the propriety of removal, a district court must "strictly

12 construe the removal statute against removal jurisdiction," and jurisdiction "must be

13 rejected if there is any doubt as to the right of removal in the first instance."  See Gaus v.

14 Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).  This "'strong presumption' against removal

15 jurisdiction means that the defendant always has the burden of proving that removal is

16 proper."  See id.

17                                    **DISCUSSION**

18         Plaintiffs do not dispute that the amount in controversy exceeds $5,000,000, that

19 each class member is a citizen of California, and that defendant is incorporated in

20 Delaware.  Consequently, in order to meet its burden of demonstrating removal is proper,

21 defendant must establish that its principal place of business is a state other than California.

22         Where the majority of a corporation's business activity does not take place in one

23 state, the state in which the corporation's business activity is "significantly larger than any

24 other state in which the corporation conducts business" is the corporation's principal place

25 of business.  See Tosco Corp. v. Communities for a Better Environment, 236 F. 3d 495,

26 500-02 (9th Cir. 2001).  In determining whether a corporation's business activity

27 "substantially predominates in a given state," a district court must make a "comparison of

28 that corporation's business activity in the state at issue to its business activity in other

                                            2

1    individual states." See id. at 500. In making such comparison, the court "employs a

2    number of factors," including "the location of employees, tangible property, production

3    activities, sources of income, and where sales take place." See id.; id. at 497, 500-02

4    (holding that although corporation did not employ plurality of employees in California, but

5    did have plurality of manufacturing and retailing locations in California, and generated

6    plurality of sales in California, California was principal place of business). If, however, "no

7    state contains a substantial predominance of a corporation's business activities," the

8    corporation's principal place of business is its "nerve center," which is "the state where the

9    majority of its executive and administrative functions are performed." See id. at 500

10   (applying "place of operations test"; noting corporation failed to offer sufficient evidence of

11   business activity in other state that could "reasonably compare" to amount of operations in

12   California).

13          Here, defendant's position is that it does not have a substantial predominance of its

14   activities in California or any other state and, as a result, its principal place of business is

15   New Jersey, where it performs the majority of its "core executive and administrative

16   functions." (See Memmelaar Decl. ¶ 11.) In support of its argument, defendant submits

17   evidence as to several of the Tosco factors. Specifically, defendant offers evidence of the

18   location of its employees, tangible property, sources of income, and where its sales

19   (rentals) occur. As to every one of these factors, the plurality of activity occurs in

20   California, and the next greatest amount of activity occurs in Florida: 2299 of defendant's

21   employees work in California (20.5% of its employees), compared to 1602 employees in

22   Florida (14.3% of its employees); 273 of defendant's "profit-center rental locations" are

23   located in California (17% of its tangible property), as compared to 155 such locations in

24   Florida (9.7% of its tangible property);[1] in the last year for which information is available,

25   defendant earned $811 million from its operations in California (18.6% of its earned

26   revenue), as compared to $505 million in Florida (11.6% of its earned revenue); and, in the

27   _____

28          [1]Defendant provides no information as to the location of any tangible property other
     than such rental locations.

3

last year for which information is available, defendant "processed" 3,801,000 rentals in California (18.2% of its rentals), as compared to 2,245,000 rentals in Florida (10.7% of its rentals).  (See Memmelaar Decl. ¶¶ 6-9.)[2]  Put another way, defendant employs over 43% more employees in California than in Florida, holds over 75% more tangible property in California than in Florida, earns over 60% more revenue in California than in Florida, and processes over 70% more rentals in California than in Florida.

Where, as here, a plurality of each of the relevant business activities is in one state, and the differential between the amount of those activities in that state and the next closest state is "significant," see Tosco, 236 F. 3d at 500, the former state is the corporation's principal place of business.  See, e.g., Ghaderi v. United Airlines, Inc., 136 F. Supp. 2d 1041, 1047-48 (N.D. Cal. 2001) (holding where corporation did not conduct majority of activities in any state, but where its activity in each relevant category was "between 20% and 33% greater in California than it is in [next closest state]," California was corporation's principal place of business); Arellano v. Home Depot U.S.A., 245 F. Supp. 2d 1102, 1106-1108 (S.D. Cal. 2003) (holding where corporation employed plurality of workforce in California, but owned more tangible property in both Georgia and Texas than in California, California was not corporation's principal place of business).  As the Ninth Circuit observed in Tosco, a corporation that is a "major employer and business operator in California," even though it conducts business in most states and does not conduct the majority of its operations in California, "is not the type of litigant that diversity jurisdiction was designed to protect.  See Tosco, 236 F. 3d at 502.

Defendant argues that where a corporation's business activities are "spread among many states," no one state should be considered to be "dominant" over the others.[3]  (See Def.'s Opp. at 4:6-7.)  Defendant's argument, was implicitly rejected by the Ninth Circuit in

[2]The figures provided by defendant as to location of employees and tangible property are for the quarter ending June 30, 2007, (see id. ¶¶ 6-7); the figures provided as to source of income and place of rentals are for the year 2006, "the last full year for which data is available," (see id. ¶¶ 8-9).

[3]Defendant does business in 44 states.  (See Memmelaar Decl. ¶ 10.)

4

1    <u>Tosco</u>, in which the corporation therein did business in at least 34 states, <u>see</u> <u>Tosco</u>, 236 F.

2    3d at 497, 501 (holding California was corporation's principal place of business).[4]

3    Defendant also asks the Court to take judicial notice of the fact that California's population

4    is larger than that of Florida, and argues its substantially greater presence in California is a

5    reflection of California's larger population.  Again, defendant's argument has been implicitly

6    rejected by the Ninth Circuit; in <u>Tosco</u>, the Ninth Circuit compared the actual amount of

7    activity in California to that in the next closest states, and did not adjust the figures to

8    compensate for differences in population.  <u>See</u> <u>id.</u> at 497, 500-02.

9         In sum, the Court finds defendant has failed to meet its burden to show its principal

10   place of business is other than California.  Accordingly, defendant has failed to establish

11   that the Court has subject matter jurisdiction over the instant action.

**CONCLUSION**

13        For the reasons stated, plaintiffs' motion to remand is hereby GRANTED, and the

14   above-titled action is hereby REMANDED to the Superior Court of the State of California, in

15   and for the County of Alameda.

16        **IT IS SO ORDERED.**

17

18   Dated: January 15, 2008

19                                                                    MAXINE M. CHESNEY
                                                                      United States District Judge

20

21

22

23

24

25   _____

26        [4]Indeed, as noted, the Ninth Circuit found California to be the corporation's principal
     place of business, even though the plurality of activity with respect to one relevant factor
27   was not in California.  <u>See</u> <u>id.</u> at 500-02 (holding, where 24% of corporation's employees
     worked in Arizona, as compared to 21% in California, California nonetheless was
28   corporation's principal place of business, because corporation's activity in California
     otherwise "outweigh[ed]" its activity in Arizona or any other state).