1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MELINDA FRIEND, et al.,                 No. C-07-5222 MMC

12              Plaintiff,                    **ORDER DENYING PLAINTIFFS' MOTION**
                                             **FOR LEAVE TO FILE MOTION FOR**
13         v.                                **ISSUE CERTIFICATION**

14   HERTZ CORPORATION,

15              Defendant.
     _____/

16

17         Before the Court is plaintiffs' Motion for Leave to File a Motion for Issue

18   Certification, filed June 27, 2014.  Defendant Hertz Corporation ("Hertz") has filed

19   opposition, to which plaintiffs have replied.  The matter came on regularly for hearing

20   August 15, 2014.  Joshua G. Konecky of Schneider Wallace Cotrell Konecky LLP appeared

21   on behalf of plaintiffs.  Robert A. Dolinko of Nixon Peabody LLP appeared on behalf of

22   Hertz.  Having read and considered the papers filed in support of and in opposition to the

23   motion, and having considered the arguments of counsel made at the hearing, the Court

24   rules as follows.

25                              **BACKGROUND**

26         In the operative complaint, the SAC filed June 18, 2010 ("SAC"), plaintiffs allege

27   they each formerly worked for Hertz as a "Location Manager" at one of Hertz's airport

28   locations (see SAC ¶¶ 13-16), and that Hertz had erroneously classified each of them as

*United States District Court*
*For the Northern District of California*

"exempt from California's overtime laws" (see SAC ¶ 22).  Plaintiffs also allege that, as a result of such asserted misclassification, Hertz failed to pay them overtime for work performed in excess of 8 hours per day and 40 hours per week (see SAC ¶¶ 42-43), did not provide them with the meal and rest periods applicable to persons not classified as exempt (see SAC ¶ 50), and, upon termination, did not provide them all overtime wages due (see SAC ¶ 62).  Plaintiffs seek to proceed with such claims on behalf of a class of persons who work or have worked as Location Managers at Hertz's airport locations.  (See SAC ¶ 27.)  In its answer, Hertz alleges, inter alia, that "[p]laintiffs and the class members they purport to represent were/are exempt from the overtime provisions of California law (e.g., as executive and/or administrative employees)."  (See Joint Case Management Statement, filed May 28, 2010, Ex. C ¶ 9 (Answer to First Amended Complaint); Civil Minutes, filed June 4, 2010 (deeming answer to First Amended Complaint to be answer to SAC).)

On June 4, 2010, the Court conducted a Case Management Conference, at which time the Court set a deadline of September 17, 2010, for plaintiffs to file a motion for class certification.  Plaintiffs subsequently filed their motion, in which they argued certification of a class was proper under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure; in particular, plaintiffs argued certification under Rule 23(b)(3) was proper because, with respect to plaintiffs' "prima facie case" and defendant's "affirmative exemption defense," common questions would predominate over individual issues.  (See Pls.' Mem. of P. & A., filed September 17, 2010, at 5:21-24, 32:9-10, 32:25-33:3.)  By order filed February 24, 2011, the Court denied plaintiffs' motion for class certification, and, in particular, found plaintiffs had not shown certification under Rule 23(b)(3) was proper, given "plaintiffs ha[d] failed to show that questions common to members of the class will predominate over questions affecting only individual members of the class."  See Friend v. Hertz Corp., 2011 WL 750741, at *8 (N.D. Cal. February 24, 2011).[1]

---

[1]In addition, the Court found plaintiffs lacked standing to seek certification under Rule 23(b)(2).  See id. at *4.

2

1    On May 12, 2011, the Court of Appeals for the Ninth Circuit granted plaintiffs

2   permission to appeal said denial.  In their opening brief, plaintiffs argued that the Court's

3   February 24, 2011 order should be reversed, or, in the alternative, that "common issues

4   should be certified pursuant to Rule 23(c)(4)."  (See Brief of Plaintiffs-Appellants at 45,

5   Friend v. Hertz Corp., No. 11-16195 (9th Cir. April 30, 2012).)  By a decision filed March

6   18, 2014, the Ninth Circuit affirmed the Court's order of February 24, 2011.  See Friend v.

7   Hertz Corp., 564 Fed. Appx. 309 (9th Cir. 2014).  In a footnote, the Ninth Circuit, in

8   response to plaintiffs' request for "certification of an issue class under Federal Rule of Civil

9   Procedure 23(c)(4)," stated that because plaintiffs had not sought such certification in

10   district court, their "Rule 23(c)(4) claim [was] dismissed without prejudice to it being raised

11   in the district court."  See id. at 310 n.1.

12    On April 25, 2014, the Court conducted a Further Case Management Conference, at

13   which time plaintiffs indicated their intent to pursue certification under Rule 23(c)(4).  In

14   accordance therewith, the Court did not set a trial date on plaintiffs' individual claims, but,

15   rather, directed plaintiffs to file, no later than June 27, 2014, a motion for leave to file a

16   motion for issue certification.

17                                          **DISCUSSION**

18    Rule 23(c)(4)(A) provides that, "[w]here appropriate, an action may be brought or

19   maintained as a class action with respect to particular issues."  See Fed. R. Civ. P.

20   23(c)(4)(A).  In the instant motion, plaintiffs propose to file a motion seeking, on behalf of

21   the putative class, certification with respect to the issues of whether Hertz's policies

22   "deprive[ ] Location Managers of the requisite discretion and independent judgment that

23   would be needed to qualify for the exemption[s]" (see Pls.' Mot., filed June 27, 2014, at

24   7:16-19; see also id. at 8:21-9:1), and whether "particular tasks generally performed by

25   Location Managers fall on the exempt or non-exempt side of the ledger" (see id. at 8:3-5).

26   Hertz argues that such proposed motion for certification would be untimely under the

27   Court's June 4, 2010 scheduling order, that good cause does not exist to modify the

28   scheduling order, and that the proposed motion would be futile.

                                                3

1    In conformity with Rule 16(b), the Court, at the case management conference

2 conducted June 4, 2010, set deadlines to amend the pleadings, to complete discovery, and

3 for plaintiffs to file a motion for class certification, the only motion that either party was then

4 contemplating filing.  (See Minute Order, filed June 4, 2010); see also Fed. R. Civ. P.

5 16(b)(1) (providing district court shall issue scheduling order after conducting scheduling

6 conference); Fed. R. Civ. P. 16(b)(3) (providing scheduling order must limit the time to . . .

7 file motions").  Consequently, the deadlines set on June 4, 2010, including the deadline to

8 file a motion for class certification, "may be modified only for good cause and with the

9 judge's consent."  See Fed. R. Civ. P. 16(b)(4).

10    The Court next considers whether good cause exists to modify the June 4, 2010

11 scheduling order.

12    Plaintiffs argue leave should be afforded because "class certification decisions are

13 routinely subject to multiple reviews."  (See Pls.' Mot. at 3:11-12.)  In support thereof,

14 plaintiffs cite Rule 23(c)(1)(C), which provides that an "order that grants or denies class

15 certification may be altered or amended before final judgment."  See Fed. R. Civ. P.

16 23(c)(1)(C).

17    The purpose of Rule 23(c)(1)(C) is to afford district courts the latitude to amend an

18 existing class certification order, or an order denying class certification, in light of

19 subsequent developments.  See General Telephone Co. v. Falcon, 457 U.S. 147, 160 and

20 n.16 (1982) (holding, under predecessor to Rule 23(c)(1)(C), "after a certification order is

21 entered, the judge remains free to modify it in the light of subsequent developments in the

22 litigation").  In the absence of subsequent developments warranting a revision, however,

23 the Court ordinarily has little reason to revisit the issue of the propriety of its original

24 determination.  See, e.g., Hartman v. United Bank Card, Inc., 291 F.R.D. 591, 597 (W.D.

25 Wash. 2013) (observing "[r]econsideration of an original class ruling typically occurs as a

26 result of a change in circumstances"; denying plaintiffs' motion for leave to file second

27 motion for class certification where plaintiffs "identified no changed circumstances"

28 following denial of first motion).

4

Here, the sole circumstance on which plaintiffs rely is the Supreme Court's announcement of its decision in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541 (2011), which opinion was issued four months after the denial of plaintiffs' motion for class certification. <u>Dukes</u>, however, addressed the showing necessary to establish commonality under Rule 23(a). Plaintiffs acknowledge <u>Dukes</u> does not address certification of issues under Rule 23(c); rather, plaintiffs contend that, in the light of the requirements for Rule 23(a) certification imposed by <u>Dukes</u>, courts are increasingly being asked to certify issues instead of entire cases.

If, in fact, a plaintiff seeking to proceed on behalf of a class might be more likely, in light of <u>Dukes</u> or other recent authority, to seek certification of certain issues rather than certification of the entirety of the case, such decision would be a tactical one. Likewise, any decision by plaintiffs in 2010 not to seek, in the alternative, certification under Rule 23(c)(4)(A) was a tactical decision. Certification using the procedure identified in Rule 23(c)(4)(A) is not a new, post-<u>Dukes</u> phenomenon. In short, plaintiffs identified no change of law, or other change in circumstance, applicable to the instant action. Consequently, good cause does not exist to modify the prior scheduling order.

In the alternative, assuming plaintiffs are entitled to file a second motion, the Court next considers Hertz's argument that plaintiffs' proposed second motion for class certification would be futile.

The first issue plaintiffs seek to have certified is "whether Hertz's general common policies, protocols and centralized control deprives Location Managers of the requisite discretion and independent judgment that would be needed to qualify for the exemption[s]." (<u>See</u> Pls.' Mot. at 7:15-19.) In their motion for class certification, plaintiffs raised this very issue; specifically, plaintiffs argued certification is proper because Hertz's policies preclude Location Managers from exercising the type of discretion and independent judgment necessary to qualify for the exemptions. (<u>See</u>, <u>e.g.</u>, Pls.' Notice, filed September 17, 2010, at 1:21-25 (arguing certification proper because Hertz "affords the same level of discretion and independent judgment to all class members" and because "the way in which class

members can perform their job duties is constrained by numerous corporate policies and procedures that are uniform").)[2]  The Court previously found, however, that plaintiffs' reliance on Hertz's policies did not warrant certification.  In affirming the Court's denial of certification, the Ninth Circuit observed that "uniform corporate policies carry great weight only where the policies reflect the realities of the workplace," and concluded plaintiffs had failed to offer evidence that could "bridge the gap between policy and practice."  See Friend, 564 Fed. Appx. at 310 (internal quotation and citation omitted).  Consequently, to the extent plaintiffs propose a motion based on defendant's asserted policies, such motion would be futile.  Additionally, such motion would be, in essence, a motion for reconsideration, and no cognizable ground to warrant reconsideration has been shown.  See Civil L.R. 7-9(b) (setting forth grounds for reconsideration of interlocutory order); see also Hartman, 291 F.R.D. at 597 (holding plaintiff seeking leave to file second motion for class certification must show "some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues").

The second issue plaintiffs seek to have certified is "whether particular duties generally performed by the Location Managers fall on the exempt or non-exempt side of the ledger."  (See Pls.' Mot. at 8:3-5.)  It is readily apparent from the substantive law governing the exemptions on which Hertz relies, however, that no such analysis can be meaningfully performed without consideration of the circumstances under which each Location Manager performs or performed his/her duties.  In particular, and even assuming a trier of fact could determine, in the abstract, whether the performance of a particular duty constitutes exempt or non-exempt work, California law provides that non-exempt work is deemed exempt work where it is "directly and closely related to exempt work" or where it is "properly viewed as a means for carrying out exempt functions."  See Cal. Code Regs. tit. 8 § 11040(1)(A)(1)(e); Cal. Code Regs. tit. 8 § 11040(1)(A)(2)(f).  For example, "[k]eeping

---

[2]At the hearing conducted August 15, 2014, plaintiffs confirmed that the policies on which they seek to base a second motion for class certification are the same policies that were addressed in their prior motion for class certification.

1   basic records of working time," when performed by a "supervisor" of a department, is

2   considered exempt work under the executive exemption because it is "directly related to the

3   function of managing the particular department," whereas the exact same task, when

4   performed by a "timekeeper," is considered non-exempt work.  See 29 C.F.R.

5   § 541.108(b); Cal. Code Regs. tit. 8 § 11040(1)(A)(1)(e) (providing "activities constituting

6   exempt work and non-exempt work shall be construed in the same manner as such items

7   are construed in . . . 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-16").

8   Similarly, for purposes of the administrative exemption, because an "administrative

9   assistant"[3] performs exempt work when he "determin[es] whether to answer

10  correspondence directly, call it to his superior's attention, or route it to someone else for

11  reply," the task of "opening the mail" for such purpose is considered exempt work because

12  it is "directly and closely related to" making such decisions.  See 29 C.F.R. § 541.208(d);

13  Cal. Code Regs. tit. 8 § 11040(1)(A)(2)(f) (providing "activities constituting exempt work and

14  non-exempt work shall be construed in the same manner as such items are construed in . .

15  . 29 C.F.R. Sections 541.201-205, 541.207-208, 541.210, and 541.215").

16        Here, as discussed at length in the Court's order of February 24, 2011, the evidence

17  offered in connection with plaintiffs' motion for class certification established that Location

18  Managers perform "a wide range of possible duties during any given workweek," see

19  Friend, 2011 WL 750741, at *5, and that the amount of time spent performing those

20  possible duties and the circumstances under which they were performed varied

21  considerably, see id. at *5-8; see also id. at *5 (noting "plaintiffs have failed to show the

22  duties performed by Location Managers are of a similar character and/or performed for a

23  similar duration").  Consequently, to the extent plaintiffs propose a motion based on

24  categorization of duties, such motion would be futile, as a determination of even such

25  assertedly common issue would require consideration of the particular circumstances of

26  each Location Manager's work and thus would not be "'apt to drive the resolution of the

27  ──────────────

28        [3]For purposes of the administrative exemption, "administrative assistants" include
    "assistant manager[s]" in "retail or service establishments."  See 29 C.F.R. § 541.201(a)(1).

litigation,'" see Jimenez v. Allstate Ins. Co., --- F.3d ---, 2014 WL 4338841, at *3 (9th Cir. 2014) (quoting Dukes, 131 S. Ct. at 2551), let alone predominate, see Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996) (vacating order certifying issues for classwide determination where plaintiffs failed to show "common issues predominate[d] over individual issues certified").

Accordingly, plaintiffs' motion for leave to file a second motion for class certification will be denied.

## CONCLUSION

For the reasons stated above, plaintiffs' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 8, 2014

_____
MAXINE M. CHESNEY
United States District Judge

8